**Brian W. STANGER, Plaintiff-Appellant,**

v.

**CITY OF SANTA CRUZ et al., Defendants-Appellees.**

No. 76–2449.

United States Court of Appeals, Ninth Circuit.

March 24, 1980.

I&NS, 5 Cir., 1977, 563 F.2d 1220, 1221 n.3; *Vissian v. I&NS*, 10 Cir., 1977, 548 F.2d 325, 328.

Brian Walter Stanger, in pro. per.

City Atty., City of Santa Cruz, Santa Cruz, Cal., for defendants-appellees.

Before DUNIWAY and TANG, Circuit Judges, and VON DER HEYDT,* District Judge.

DUNIWAY, Circuit Judge:

Brian Stanger, a state prisoner, filed a civil rights action in forma pauperis under 42 U.S.C. §§ 1983, 1985(a) and (3), and 1986 against various members of the Santa Cruz Police Department and several city officials. Without issuing summons, the district court dismissed the complaint, with prejudice, for failure to state a claim upon which relief could be granted. Stanger appeals.

■ Dismissal of a complaint "with prejudice" for failure to state a claim upon which relief can be granted is a dismissal of the action and is appealable. *See Scott v. Eversole Mortuary*, 9 Cir., 1975, 522 F.2d 1110, 1112.

■ In *Potter v. McCall*, 9 Cir., 1970, 433 F.2d 1087, 1088, we summarized a long line of cases in this circuit holding that a prisoner bringing a civil rights action is entitled, among other things, to have process issued and served, and an opportunity to amend

* The Honorable James VON DER HEYDT, Chief Judge, United States District Court for the District of Alaska, sitting by designation.

his complaint to overcome any deficiency unless "*it clearly appears* . . . that the deficiency *cannot* be overcome by amendment." (emphasis added) *See also Crawford v. Bell*, 9 Cir., 1979, 599 F.2d 890, 893; *Harmon v. Superior Court*, 9 Cir., 1962, 307 F.2d 796, 798. Stanger's complaint alleged systematic harassment and unauthorized surveillance of his business establishment by the Santa Cruz Police, false arrest, and a conspiracy between the Chief of Police and the named members of the Planning Commission and City Council to deprive him of a license to do business without due process and in violation of his right to equal protection. Unlike the complaint in *Worley v. California Department of Corrections*, 9 Cir., 1970, 432 F.2d 769, this complaint alleges, albeit imperfectly, actions which, if proven, could provide some basis for at least some of the claims made.

Reversed and remanded.