Kenneth O. ASHELMAN,
Plaintiff-Appellant,

v.

Hon. Gary POPE, Judge Division 1, Mohave Superior Court; Mohave County Attorney's Office, Defendants-Appellees.

No. 84–1580.

United States Court of Appeals,
Ninth Circuit.

Submitted June 6, 1985.[*]

Decided Aug. 27, 1985.

[*] The panel finds this case appropriate for submission without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 3(f).

Kenneth O. Ashelman, Florence, Ariz., for plaintiff-appellant.

Richard F. Albrecht, Kingman, Ariz., for defendants-appellees.

Before CHOY, Senior Circuit Judge, SNEED and PREGERSON, Circuit Judges.

CHOY, Senior Circuit Judge:

Kenneth O. Ashelman, an Arizona prisoner, filed a 42 U.S.C. Section 1983 & 1985(3) pro se complaint against Mohave County Superior Court Judge Gary Pope and the Mohave County Attorney's Office for injunctive relief. The complaint alleged that Judge Pope and the Mohave County Attorney's Office conspired to deprive Ashelman of various constitutional rights while he was defending himself pro se in a criminal action before the Mohave Superior Court.

Ashelman later filed a motion to amend his original complaint to add several defendants and to allege monetary damages. The district court denied the motion to amend, ordered that process not be served on any additional defendants, and dismissed the complaint. Ashelman timely appeals.

Ashelman's original complaint alleges in very general terms that Judge Pope and the Mohave County Attorney's Office conspired to deny Ashelman his constitutional rights while he was defending himself pro se in the criminal action by depriving him of, among other things, access to the law library, effective assistance of counsel, subpoenas for witnesses, and legal supplies. Ashelman subsequently filed a document,

which he labeled a "supplemental pleading," that detailed his conspiracy charge, added defendant Kelly Cromer, the deputy attorney for Mohave County who prosecuted Ashelman, and added a prayer for monetary damages. The magistrate told him that his "supplemental pleading" was more in the nature of an amended complaint and that he could move to file an amended complaint pursuant to Fed.R.Civ. Pro. 15(a). Ashelman moved to amend his complaint.

The district judge, however, dismissed his complaint and denied his motion to amend on the grounds that the judge's actions were protected by judicial immunity, and that Cromer was protected by prosecutorial immunity. He also ruled that the Mohave County Attorney's Office could not be liable because the doctrine of *respondeat superior* was inapplicable in civil rights actions.

The district court's reliance on judicial and prosecutorial immunity was misplaced. Judges and prosecutors are immune from civil suits for damages only for actions taken within the scope of their official duties. A judge is not immune if his actions are deemed "non-judicial." *Beard v. Udall*, 648 F.2d 1264, 1268 (9th Cir. 1981).[1] Similarly, a prosecutor is only immune if he was "acting within the scope of his or her authority." *Beard*, 648 F.2d at 1271.

Ashelman alleges that the judge and the prosecutor's office conspired to deprive him of various constitutional rights. He is alleging, essentially, that the judge and prosecutor got in contact with each other and agreed that they would take steps to shut off Ashelman's access to a law library, deny him effective assistance of counsel, deny him subpoenas for defense witnesses, etc.[2] If the allegations are true, the judge's actions in engaging in the con-

---

1. In deciding whether an act by a judge is a "judicial" one, the court should determine "whether it is a function normally performed by a judge." *Stump v. Sparkman*, 435 U.S. 349, 362, 98 S.Ct. 1099, 1107, 55 L.Ed.2d 331 (1978).

2. In a very confusing "supplemental pleading," Ashelman lists numerous alleged deprivations which he claims were the product of a conspiracy.

spiracy would not be part of "a function normally performed by a judge," *Stump,* 435 U.S. at 362, 98 S.Ct. at 362, and thus would be non-judicial. *See supra* note 1. Similarly, the prosecutor's actions would fall outside the scope of her prosecutorial authority. *See Beard,* 648 F.2d at 1271.

In *Beard,* we held that a judge's conspiring with one of the parties to predetermine the outcome of a judicial proceeding is not a "judicial act," and thus "[e]ven though the judge's disposition of the proceeding remains a judicial act, ... the prior agreement is deemed the essential cause of any deprivation of federally protected rights. Accordingly, the judge may be liable for damages...." *Id.* at 1269; *see also Rankin v. Howard,* 633 F.2d 844 (9th Cir.1980), *cert. denied,* 451 U.S. 939, 101 S.Ct. 2020, 68 L.Ed.2d 326 (1981). Ashelman's original complaint and supplemental pleading, by alleging a conspiracy, are effectively alleging that the defendants agreed beforehand to deprive him of his rights.

Both the judge and the prosecutor would be acting outside the scope of their official duties in entering into such an agreement. It is immaterial whether the conspirators' subsequent acts pursuant to the agreement are within their respective scopes of authority, for under *Beard,* it is the prior agreement that is deemed the essential cause. Thus, neither the judge nor the prosecutor would be shielded by immunity.

It is true that Ashelman does not allege specific details as to how, when, and where the defendants entered into such an agreement. We have held that "conclusory allegations, unsupported by any underlying factual details, [are] insufficient to state a claim for relief under 42 U.S.C. § 1983." *Finley v. Rittenhouse,* 416 F.2d 1186, 1187 (9th Cir.1969). Ashelman, however, cannot be expected to know, prior to discovery, the

details of how the agreement was effected given that the conspirators would naturally try to hide their conspiracy. Accordingly, we have declared:

> [Plaintiff] also alleges the "defendants conspired." In what other way can plaintiff plead conspiracy? Certainly he is not required to list the place and date of defendants' meetings and the summary of their conversations. He should not be required here to plead his evidence.

*Hoffman v. Halden,* 268 F.2d 280, 294–95 (9th Cir.1959).

If Ashelman cannot uncover through discovery any evidence to detail and support his conspiracy theory, then a grant of summary judgment in favor of the defendants would be appropriate. But until discovery has been allowed and a motion for summary judgment made, it is premature to dismiss Ashelman's claims on the pleadings. *See Hoffman,* 268 F.2d at 295 ("We think the validity of the complaint at the pleading stage cannot be disposed of on the basis of the presence of so-called 'conclusionary' allegations of 'conspiracy'....").[3]

This court has ruled that "a prisoner bringing a civil rights action is entitled ... to have process issued and served, and an opportunity to amend his complaint to overcome any deficiency unless '*it clearly appears* ... that the deficiency *cannot* be overcome by amendment.'" *Stanger v. City of Santa Cruz,* 653 F.2d 1257, 1257–58 (9th Cir.1980) (quoting *Potter v. McCall,* 433 F.2d 1087, 1088 (9th Cir.1970)). Ashelman's original complaint stated a cause of action, though admittedly very generally. He should have been allowed to amend his complaint to present the more specific details he spelled out in his "supplemental pleading," to add Cromer as a defendant,

---

**3.** Appellees argue that *Beard,* 648 F.2d at 1270, held that *specific* allegations of fact regarding the alleged agreement are necessary to sustain the complaint. The court in *Beard,* however, was reviewing a grant of *summary judgment* to the defendant. Thus, its demand for "specific facts" to support the general allegations should be interpreted to be a demand only for suffi-

cient *evidence* to raise a genuine issue of material fact. *See id.* We doubt the court was ruling that the *pleadings* failed to state a claim. *But see Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980) ("conclusory allegations that the [defendants] had conspired to prevent [plaintiff] from effectively prosecuting her divorce case[ ] are insufficient to support a § 1983 claim.")

and to seek monetary damages.[4] Because it improperly relied upon the doctrine of immunity, the district court erred in denying Ashelman's motion to amend and in dismissing Ashelman's § 1983 claims against Judge Pope and deputy county attorney Cromer.[5]

The district court, however, properly dismissed the complaint as to the Mohave County Attorney's Office, because the doctrine of *respondeat superior* does not apply in civil rights actions and because Ashelman's complaint failed to allege that he was injured pursuant to any regulation, custom, ordinance, or approved practice of Mohave County. *Monell v. New York City Dep't of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

The judgment of the district court dismissing the complaint as to the Mohave County Attorney's Office is AFFIRMED. The judgment of the district court denying Ashelman's motion to amend his complaint and dismissing his § 1983 action against Judge Pope and deputy county attorney Cromer is REVERSED and the case is REMANDED to the district court for proceedings consistent with this opinion.[6]

---

4. Because Ashelman's criminal trial is over, much of the injunctive relief he originally sought can no longer be granted. Indeed, his claim for monetary damages may be the only relief still available to him in this lawsuit.

5. The district court never specifically addressed Ashelman's 42 U.S.C. § 1985(3) claim. However, because Ashelman failed to allege that the defendants' actions were motivated by a racial or other "invidiously discriminatory animus,"

his complaint fails to state a claim under § 1985(3). *See Griffin v. Breckenridge,* 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Briley v. State of Cal.,* 564 F.2d 849, 859 (9th Cir.1977).

6. Accordingly, the district court's order that process not be served on Cromer and denying Ashelman leave to name Cromer as an additional defendant is vacated.