Fernando PERIERA, Plaintiff,

v.

Harvey L. CHAPMAN, Mary Ann Chapman, Christopher Blaisdell, Riverside County Marshal Frank Franco, Deputy Marshal Richard Hart, Deputy Marshal B.P. Wells, Deputy Marshal L. Allison, Deputy Marshal Fisher, Riverside County Counsel Dorothy Hahn, Riverside County Municipal Court, Desert Judicial District, Richard H. Amoroso, and Does 4–10, inclusive, Defendants.

No. CV 88–4734–WDK (JRx).

United States District Court,
C.D. California.

Nov. 1, 1988.

Fernando Periera, Palm Springs, Cal., in pro. per.

Michael A. Bell, Fidler & Bell, Riverside, Cal., Martin Stein, Timothy T. Coates, Greines, Martin, Stein & Richland, Beverly Hills, Cal., for defendants.

Christopher M. Blaisdell, Palm Desert, Cal., in pro. per.

Harvey L. Chapman, Mary Ann Chapman, Torrance, Cal., in pro per.

## ORDER RE DISMISSAL

KELLER, District Judge.

This motion to dismiss for failure to state a claim is before the Court pursuant to Fed.R.Civ.P. 12(b)(6). In appraising the sufficiency of a complaint, this Court must follow "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). Because the Court finds that the plaintiff cannot state a claim for relief under section 1983 or section 1985(3) on the basis of the facts pleaded in his First Amended Complaint, the Court ORDERS that the complaint be dismissed.

PROCEDURAL BACKGROUND:

The plaintiff, appearing in propria persona, filed a complaint in the United States District Court for the Eastern District of California on May 5, 1988, alleging that the defendants had violated the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), thereby abrogating his civil rights in violation of 42 U.S.C. § 1983. The plaintiff also alleged that certain of the defendants had conspired among themselves to deprive him of his right to an automatic stay in violation of 42 U.S.C. § 1985.

Defendant Blaisdell filed a motion to change venue to the Central District of California on June 8, 1988. That motion was granted on July 19, 1988, and the case was transferred from the Eastern District to this Court.

Counsel for Defendants the Riverside County Marshals and the Riverside County Counsel has filed a motion to dismiss for failure to state a claim on which relief can be granted. On the Court's own motion, defendants Christopher Blaisdell, Harvey Chapman, and Mary Ann Chapman are

joined in this motion. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir.1987) (a trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6)); *Wood v. Santa Barbara Chamber of Commerce*, 507 F.Supp. 1128, 1134 (D.Nev.1980) (a trial court can dismiss as to all defendants even if not all have moved for dismissal). The defendants contend that the plaintiff's remedy should be based on 11 U.S.C. § 362(h). Section 362(h) provides actual damages, including costs and attorneys' fees, and punitive damages, if appropriate, to any individual "injured by any willful violation of a stay provided by this section." 11 U.S.C. § 362(h) (West Supp. 1988). The defendants contend that this remedy is exclusive and that a section 1983 action cannot be based on a violation of the statutory rights provided in the Bankruptcy Code. The defendants have filed this motion in lieu of a responsive pleading.

The plaintiff opposed this motion and sought leave of the Court to amend his complaint to cure any deficiencies. At the hearing on September 19, 1988, this Court granted the plaintiff's motion to amend his complaint. The plaintiff filed his First Amended Complaint on September 26, 1988.

FACTUAL BACKGROUND:

The plaintiff obtained title to a house in Palm Springs by a quitclaim deed from the record owner, allegedly without paying value for the deed. The quitclaim deed was recorded in the Riverside County Recorder's office on July 22, 1986.

Defendants Harvey and Mary Ann Chapman held a note from the grantor of the quitclaim deed, secured by a trust deed on the Palm Springs house. The note had a balance of $101,343.02 at 11% annual interest, payable at $1077.09 per month. The grantor of the quitclaim deed made his last payment on the note on July 1, 1986. After receiving the deed, the plaintiff did not make any payments on the note.

The Chapmans commenced foreclosure proceedings, and a trustee's sale was set for March 20, 1987. On March 19, 1987, the plaintiff filed a petition in bankruptcy in the Eastern District, and the foreclosure

sale was stayed. On April 8, 1987, the bankruptcy petition was dismissed pursuant to an order to show cause by the bankruptcy court.

The foreclosure sale was held on May 22, 1987, and a trustee's deed to the property was conveyed to the Chapmans and Blaisdell. Two days later, the Chapmans filed an unlawful detainer action in the Municipal Court for the Desert Judicial District and duly served the plaintiff. On July 31, 1987, a judgment and writ of possession was levied against the plaintiff, Fernando Periera, and the Chapmans were restored to legal, as contrasted with actual, possession of the property as to the plaintiff.

At the time of the levy of the writ of possession, Pamela Periera appeared and identified herself as the plaintiff's wife. She was served as John Doe 1 in a new foreclosure action instituted in the Palm Springs Municipal Court. Pamela Periera then filed a petition in bankruptcy in the Central District. On February 10, 1988, the Chapmans were granted relief from the automatic stay, thereby allowing them to proceed with the Municipal Court action and enforce any judgment for possession. On March 21, 1988, a judgment and an order for a writ of possession was issued by the Palm Springs Municipal Court. The Chapmans were then restored to legal possession of the Palm Springs house.

On March 28, 1988, the plaintiff filed a petition in bankruptcy in the Eastern District, thus invoking the automatic stay provision of 11 U.S.C. § 362(a). (An earlier petition, filed on August 28, 1987, in the Central District, was dismissed pursuant to an order to show cause.) The next day, the plaintiff presented his bankruptcy petition to Riverside County Marshal B.P. Wells and Deputy Marshal Richard Hart at the Riverside County Courthouse. The plaintiff alleges that while he was at the courthouse, he observed Wells consult with Blaisdell, the Chapmans' attorney, regarding Blaisdell's desired course of action. The plaintiff also alleges that he observed Hart consult with the Honorable Arthur Block of the Municipal Court of the Desert Judicial District.

That afternoon, Harvey Chapman and Deputy Marshals Hart and Allison attempted to verbally evict the plaintiff from the Palm Springs residence. After the plaintiff informed them of the automatic stay provisions of the Bankruptcy Code, Chapman and the deputy marshals left the premises. The plaintiff then called Riverside County Counsel Dorothy Hahn, to inform her of the violation of the automatic stay. Hahn stated that she could not cause the marshals to cease attempts to execute the writ of possession.

On March 31, 1988, Deputy Marshals Hart, Wells and Allison evicted the plaintiff from the Palm Springs house.

DISCUSSION:

I. The plaintiff's section 1983 Claim:

There are two primary issues regarding the defendants' motion to dismiss the plaintiff's section 1983 claim: first, whether the Marshals acted under "color of law" by enforcing the Palm Springs Municipal Court judgment, and, second, whether section 1983 can provide a cause of action for the denial of rights created by the Bankruptcy Code.

A. Color of law:

The Ninth Circuit has held that a police officer who actively participates in the repossession of a debtor's property acts under color of state law. *Harris v. City of Roseburg*, 664 F.2d 1121, 1127 (9th Cir. 1981). In *Harris*, the Court stated:

We conclude that there may be a deprivation within the meaning of § 1983 not only when there has been an actual "taking" of property by a police officer, but also when the officer assists in effectuating a repossession over the objection of a debtor or so intimidates a debtor as to cause him to refrain from exercising his legal right to resist a repossession. While mere acquiescence by the police to "stand by in case of trouble" is insufficient to convert a repossession into state action, police intervention and aid in the repossession does constitute state action.

*Id.*

■ In the instant case, the plaintiff alleges in his complaint that the marshals carried out the eviction. The enforcement of a state court judgment constitutes state action under 42 U.S.C. § 1983. *Sotomura v. County of Hawaii*, 402 F.Supp. 95, 103 (D.Haw.1975). As a result, the plaintiff has alleged facts sufficient to meet the "color of law" requirement.

B. Remedial exclusivity of Bankruptcy Code section 362(h):

■ The second issue raised by the defendants' motion to dismiss is whether plaintiff may base a section 1983 claim on an alleged violation of the bankruptcy laws: The Supreme Court has held that section 1983 can provide a cause of action for the denial of rights created by a federal statute. *Maine v. Thiboutot*, 448 U.S. 1, 4–7, 100 S.Ct. 2502, 2504–06, 65 L.Ed.2d 555 (1980). However, *Thiboutot* has been narrowed by subsequent decisions. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n*, 453 U.S. 1, 19, 101 S.Ct. 2615, 2625–26, 69 L.Ed.2d 435 (1981); *Pennhurst State School and Hosp. v. Halderman*, 451 U.S. 1, 28, 101 S.Ct. 1531, 1545, 67 L.Ed.2d 694 (1981). *Pennhurst* created two exceptions limiting the effect of the *Thiboutot* rule. More particularly, in cases involving the enforcement of federal statutory rights, access to a section 1983 remedy should be denied if (1) the language of the statute indicates a congressional intent to preclude section 1983 enforcement by making alternative remedies available, *Pennhurst*, 451 U.S. at 17–18, 101 S.Ct. at 1539–40, or (2) the statute does not create "rights" enforceable by private parties under section 1983, *id.* at 20–22, 101 S.Ct. at 1541–43. *See also Coos Bay Center v. State of Or., Dep't. of Human Resources*, 803 F.2d 1060, 1062 (9th Cir.1986), *vacated on grounds of mootness*, —— U.S. ——, 108 S.Ct. 52, 98 L.Ed. 2d 17 (1987).

With respect to the first exception, the focus of the inquiry should be on the "comprehensiveness" of a statute's remedial scheme, if there is no express statement of congressional intent in the statute itself or the legislative history. *Coos Bay Center*, 803 F.2d at 1062. The comprehensiveness

of a remedial scheme can suffice to demonstrate congressional intent to "preclude the remedy of suits under § 1983." *Middlesex County Sewerage Auth.*, 453 U.S. at 20, 101 S.Ct. at 2626. When " 'a state official is alleged to have violated a federal statute which provides its own comprehensive enforcement scheme, the requirements of that enforcement scheme may not be bypassed by bringing suit directly under § 1983.' " *Id.*

With respect to the second exception, the analysis should focus primarily on whether Congress intended to create a private right of action to enforce the statute. *Boatowners and Tenants Ass'n. v. Port of Seattle*, 716 F.2d 669, 672 (9th Cir.1983). The Ninth Circuit has adopted the first factor in the test set forth by the Supreme Court in *Cort v. Ash* to define the existence of an enforceable federal right. *Id.* Under this test, a court must ask "is the plaintiff 'one of the class for whose *especial* benefit the statute was enacted,'—that is, does the statute create a federal right in favor of the plaintiff?" [Cite omitted] *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2087–88, 45 L.Ed.2d 26 (1975).

1. The comprehensiveness of the Bankruptcy Code's remedial scheme for violation of an automatic stay:

Under 11 U.S.C. § 362(h), "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (West Supp.1988). Unfortunately, the legislative history does not deal specifically with this subsection. *See* 1984 U.S. Code Cong. & Admin.News 576–606. Because there is no specific language in the statute itself or the accompanying legislative history, the focus must be on the comprehensiveness of the statutory remedial scheme.

■ There is a presumption that a federal statute creating enforceable rights may be enforced in a section 1983 action. *Keaukaha–Panaewa Community v. Hawaiian Homes*, 739 F.2d 1467, 1470 (9th Cir.1984). However, when a statute provides specific and detailed procedures for administrative and judicial review, recourse to section 1983 is more likely to be foreclosed. *Coos Bay Center*, 803 F.2d at 1062. Inconsistencies between the statutory remedies and the possible remedies under section 1983 also may evidence congressional intent to preclude a section 1983 action. *Almond Hill School v. U.S. Dep't. of Agriculture*, 768 F.2d 1030, 1035 (9th Cir.1985). Finally, a governing statutory scheme that reflects a "balance, completeness and structural integrity" suggests remedial exclusivity. *Dep't. of Education, State of Hawaii v. Katherine D.*, 727 F.2d 809, 820 (9th Cir.1984), *cert. denied*, 471 U.S. 1117, 105 S.Ct. 2360, 86 L.Ed.2d 260 (1985).

In *Middlesex*, the Supreme Court found that the enforcement schemes under the Federal Water Pollution Control Act, 33 U.S.C. § 1251 et seq., and the Marine Protection, Research, and Sanctuaries Act of 1972, 33 U.S.C. § 1401 et seq., foreclosed access to section 1983 remedies. Those Acts permitted the federal government and the states to seek civil and criminal penalties against violators, allowed interested parties to seek judicial review of agency actions, and provided two distinct and separate citizen suit provisions. The existence of these "unusually elaborate enforcement provisions" demonstrated that Congress intended "to supplant any remedy that otherwise would be available under § 1983." 453 U.S. at 21, 101 S.Ct. at 2627.

Similarly, in *Dep't of Education, State of Hawaii v. Katherine D.*, the Ninth Circuit held that the enforcement scheme of the Education for All Handicapped Children Act (EAHCA) established "detailed procedures for administrative and judicial review" and thus foreclosed a section 1983 action. 727 F.2d at 820. Furthermore, because money damages were not recoverable under the EAHCA absent exceptional circumstances, the remedy provided by the EAHCA was inconsistent with that provided by section 1983. *Id.*

However, the Ninth Circuit has held that an enforcement scheme is not comprehensive when Congress provides only a single, public remedy by reserving a right to sue

in the federal government. *Keaukaha–Panaewa Community*, 739 F.2d at 1471 (holding that native Hawaiians have a right to sue to enforce state's obligation to hold certain lands in trust for their benefit). Similarly, when a statutory scheme permits state administrative review, but does not provide formal federal or state judicial review or federal administrative review, the statutory scheme is not sufficiently comprehensive to preclude a section 1983 action. *Coos Bay Center*, 803 F.2d at 1062 (holding that health-care facility could enforce state's obligation under Title XIX of the Social Security Act to disburse "heavy care" Medicaid payments and reimbursements).

■ In this case, there can be no doubt that the statutory scheme provided by the Bankruptcy Code reflects a "balance, completeness and structural integrity" that suggests remedial exclusivity. The Bankruptcy Code embodies an "unusually elaborate" system for resolving bankruptcy matters, complete with its own separate adjudicative framework.

Furthermore, the inconsistency of remedy between section 362(h) and section 1983 is suggestive of an intended remedial exclusivity. Although both statutes allow a prevailing party to recover actual damages, attorney's fees, and, if appropriate, punitive damages, a plaintiff has no right to a jury trial in a section 362(h) action. This Court finds this difference to be a significant indication that Congress did not intend to allow a plaintiff to base a section 1983 action on a violation of the automatic stay. If it were otherwise, a section 362(h) plaintiff's right to a jury trial would depend solely on his choice between two federal forums, each of which, as the discussion below demonstrates, has the authority to issue binding judgments on the matter.

Finally, section 362(h) provides a plaintiff with detailed judicial review at two levels: the bankruptcy court and the reviewing district court. Under 28 U.S.C. § 157(b), the bankruptcy court may hear and determine "all core proceedings arising under title 11." 28 U.S.C.A. § 157(b) (West Supp. 1988). A proceeding "is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Matter of Wood*, 825 F.2d 90, 93 (5th Cir.1987). The substantive right at issue in this case, the automatic stay provision of 11 U.S.C. § 362(a), was created by the Bankruptcy Code and would not exist outside of that statutory scheme. Thus, the bankruptcy court may issue a final judgment in the plaintiff's section 362(h) action. After judgment on that claim is entered, it will be reviewed by a district court of competent jurisdiction. 28 U.S.C.A. § 1334(b) (West Supp.1988).

For these reasons, this Court dismisses this action under the first exception to the *Thiboutot* rule. The plaintiff's attempt to base a section 1983 claim on the violation of the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362(a), fails as a matter of law and therefore must be dismissed. Because the plaintiff can state a claim under section 362(h) in an action properly filed in the bankruptcy court, this dismissal operates without prejudice.

II. The plaintiff's section 1985(3) claim:

■ 42 U.S.C. § 1985(3) prohibits conspiracies to deprive any person of "the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C.A. § 1985(3) (West 1981). To state a cause of action under this subsection, a plaintiff must allege (1) a conspiracy, (2) to deprive any person or class of persons of equal protection of the laws, (3) an act by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or a deprivation of any right or privilege of a citizen of the United States. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir.1980), *citing Griffin v. Breckinridge*, 403 U.S. 88, 102–103, 91 S.Ct. 1790, 1798–99, 29 L.Ed.2d 338 (1971). The conspiracy alleged must be motivated by some invidious, class-based discrimination and must aim at the deprivation of equal enjoyment of rights secured to all. *United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 835–36,

103 S.Ct. 3352, 3359–60, 77 L.Ed.2d 1049 (1983). The allegation of such animus "constitutes an essential element of a cause of action under section 1985(3)." *Trerice v. Pedersen*, 769 F.2d 1398, 1402 (9th Cir.1985).

The plaintiff made no allegation of racially-based animus in his original complaint. However, civil rights complaints by pro se plaintiffs are held to a less stringent standard than formal pleadings drafted by lawyers. *Gillespie*, 629 F.2d at 640. Such plaintiffs should be given "an opportunity to amend [their] complaint[s] to overcome any deficiency unless 'it clearly appears ... that the deficiency cannot be overcome by amendment.'" [Cite omitted] *Stanger v. City of Santa Cruz*, 653 F.2d 1257, 1258 (9th Cir.1980). Because the plaintiff could conceivably have alleged facts sufficient to demonstrate race-based animus, he was given leave to amend his complaint. At the hearing held on September 19, 1988, the plaintiff was rational and appeared intelligent, and indicated that he understood the types of facts required to state a cause of action under section 1985(3).

In his First Amended Complaint, the plaintiff has not pleaded facts sufficient to demonstrate the existence of some race or class-based animus. The plaintiff merely states:

> Plaintiff Fernando Perieira is a Black Hispanic with a white wife and children residing in a predominantly white community.

> With respect to residence, the City of Palm Springs is, and continuously since 1938 has been, highly segregated along racial lines. At the time of the filing of this Complaint, blacks numbering approximately 1,414 persons constituted over 4.4% of the population of Palm Springs. At such time over 98% of all blacks living in the City of Palm Springs resided in neighborhoods the racial composition of which was all, or substantially all black.

(First Amended Complaint for Damages Based on Conspiracy to Deprive a Person of Civil Rights at ¶ 3, p. 3.)

These statements raise an inference of possible de facto, but not de jure, discrimination by the City of Palm Springs. A party must show purposeful discrimination to establish a claim under section 1985(3). *McIntosh v. Arkansas Republican Party–Frank White Election Committee*, 766 F.2d 337, 340 (8th Cir.1985), *citing Griffin v. Breckinridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *see also Armster v. City of Riverside*, 611 F.Supp. 103, 106 (C.D.Cal.1985). The facts stated in the plaintiff's First Amended Complaint are not sufficient to raise an inference that the judgment of possession was entered against the plaintiff because of his race. Nor has the plaintiff pleaded facts sufficient to raise an inference that the deputy marshals who actually effected the eviction were acting from race or class-based animus.

Instead, this eviction seems quite clearly to be based on the plaintiff's status as a debtor, not as a member of a racial minority group. The Court finds that the plaintiff could not overcome this deficiency by an additional amendment. As a result, this Court holds that the plaintiff has failed to state a claim upon which relief can be granted under section 1985(3). *See Trerice v. Pedersen*, 769 F.2d at 1402–03; *Scott v. Rosenberg*, 702 F.2d 1263, 1270 (9th Cir. 1983), *cert. denied*, 465 U.S. 1078, 104 S.Ct. 1439, 79 L.Ed.2d 760 (9th Cir.1984). The plaintiff's claim for relief under section 1985(3) is therefore dismissed with prejudice.

IT IS SO ORDERED.