42 F.3d 1398
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lawny Lamar BROWNING, Plaintiff-Appellant,
v.
Cecil ANDRUS, the Idaho State Legislature, Defendants-Appellees.
 No. 94-35352.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 4, 1994.*
Decided Dec. 6, 1994.
 
 1
 Before: BEEZER and FERNANDEZ, Circuit Judges, and ORRICK**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Pro se plaintiff, Lawny Browning, filed this action under 42 U.S.C. Sec. 1983, alleging that his constitutional rights have been violated because Idaho Code Sec. 20-223(b) violates the Equal Protection Clause of the Constitution. The district court dismissed the complaint pursuant to 28 U.S.C. Sec. 1915(d) finding no arguable basis in law or fact for Browning's claim that his constitutional rights have been violated and that Browning did not assert a case or controversy. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1343(3) and 42 U.S.C. Sec. 1983. We have jurisdiction and affirm.
 
 
 4
 * Browning is a convicted sex offender and an inmate in the Idaho State Correctional Institution ("ISCI"). He is proceeding in forma pauperis and contends that he is denied equal protection of the laws because he, as a convicted sex offender, is required to undergo a psychological examination prior to being paroled. I.C. Sec. 20-223(b) provides:
 
 
 5
 No person serving a sentence for rape, incest, committing a lewd act upon a child, crime against nature, or with an intent or an assault with intent to commit any of the said crimes or whose history and conduct indicate to the commission that he is a sexually dangerous person, shall be released on parole except upon the examination and evaluation of one or more psychiatrists or psychologists to be selected by the commission and such evaluation shall be duly considered by the commission in making its parole determination. The commission may, in its discretion, likewise require a similar examination and evaluation for persons serving sentences for crimes other than those above enumerated. No psychiatrist or psychologist making such evaluation shall be held financially responsible to any person for denial of parole by the commission or for the results of the future acts of such person if he be granted parole.
 
 
 6
 In this Sec. 1983 action, Browning seeks a declaration that I.C. Sec. 20-223(b) is unconstitutional.
 
 II
 
 7
 Browning contends that the district court erred in dismissing his complaint. The dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is reviewed for abuse of discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992).
 
 
 8
 Browning's complaint may be dismissed if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). See also Franklin v. Murphy, 745 F.2d 1221, 1227 (1984). He must be given the opportunity to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Id. at 1228 n. 9 (quoting Stranger v. City of Santa Cruz, 653 F.2d 1257, 157-58 (9th Cir.1980)).
 
 
 9
 The district court applied this liberal standard to Browning's complaint and found that he has alleged no claim that may be tried in a federal court. We affirm the district court's dismissal on the ground that Browning does not assert an actual case or controversy. Upon scrutinizing the complaint and the record, we can find no allegation that Browning was ever denied parole because of a refusal to undergo a pre-parole psychological evaluation or even suffered a negative report resulting from such an evaluation.
 
 
 10
 Any harm that Browning could assert is the potential future harm of being denied parole based on a negative psychological evaluation. At best, this harm is speculative and hypothetical. Del Percio v. Thornsley, 877 F.2d 785, 786-87 (9th Cir.1989). Moreover, by asking this court to declare Sec. 20-223(b) unconstitutional, Browning is seeking an advisory opinion which we have no jurisdiction to issue. Hillblom v. United States, 896 F.2d 426, 430 (9th Cir.1990). Because Browning asserts a harm that is speculative and hypothetical and not "direct and immediate," he does not assert a justiciable controversy. Id. Therefore, the district court did not abuse its discretion in finding that Browning did not assert a case or controversy.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 The Honorable William H. Orrick, Senior United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3