**In re William Henry STEPHENS, Debtor.**

**Bankruptcy No. 579–900.**

United States Bankruptcy Court, N. D. Ohio.

Jan. 31, 1980.

Richard J. Romweber, Akron, Ohio, for debtor.

Harold A. Corzin, Akron, Ohio, for trustee in bankruptcy.

### FINDING AS TO REAFFIRMATION AGREEMENT

H. F. WHITE, Bankruptcy Judge.

On October 24, 1979 William Henry Stephens filed a proceeding for relief under Chapter 7 of Title 11 U.S.C.

The Court finds that Beneficial Finance Company was listed on the debtor's schedule in the amount of $549.80 and claimed a nonpossessory nonpurchase security interest in household goods and furniture of the debtor. The value of said property as listed on said schedule was $500.00. The Court finds that said property includes a dinette set, beds and bedding, TV set, stereo, and an air conditioner.

The Court further finds that the debtor claimed this property exempt as set forth under ORC 2329.66(A)(3) and 2329.-

66(A)(4)(b) as amended, the State of Ohio having opted out under the provisions of Section 522(b)(1) of the Bankruptcy Code. No exceptions have been taken to the bankrupt's claim for exemptions.

The Court further finds from the testimony of the debtor that after the 341 meeting of creditors, the debtor, without consulting counsel, went to Beneficial Finance Company and asked to borrow $1,000.00 in order to purchase an automobile.

The Court finds from the testimony of the debtor that Beneficial Finance Company of Ohio refused to grant him the new loan unless he reaffirmed the obligation due at the time of the filing of the petition in bankruptcy. Thereafter, the debtor did borrow the sum of $1,000.00 and entered into a new loan which included the prior obligation for $549.80, thereby reaffirming the prior obligation which was due at the time of the filing of the bankruptcy petition.

The Court further finds that pursuant to the order of this Court, notice was given by the clerk of the Bankruptcy Court to all creditors of a hearing as provided for by Section 524(d). Said notice required motions for reaffirmation under Section 524(c) of 11 U.S.C. to be filed 10 days prior to said hearing. No motion or application has been filed by Beneficial Finance Company of Ohio for reaffirmation, nor have copies of the loan agreement been filed with this Court in order to enable this Court to determine whether the agreement made by the debtor complies with Section 524(c). Section 524(c) provides as follows:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, or 1328 of this title;

(2) the debtor has not rescinded such agreement within 30 days after such agreement becomes enforceable;

(3) the provisions of subsection (d) of this section have been complied with; and

(4) in a case concerning an individual, to the extent that such debt is a consumer debt that is not secured by real property of the debtor, the court approves such agreement as—

(A)(i) not imposing an undue hardship on the debtor or a dependent of the debtor; and

(ii) in the best interest of the debtor; or

(B)(i) entered into in good faith; and

(ii) in settlement of litigation under section 523 of this title, or providing for redemption under section 722 of this title.

The Court finds that there has been no complaint filed with this Court for relief from the automatic stay as required under Section 362 of the Bankruptcy Code.

Further, the Court finds that the creditor, Beneficial Finance of Ohio, by requesting a reaffirmation of the prebankruptcy debt as a condition precedent for the granting of said loan has violated Section 362(a)(6) which prohibits the creditor from taking any action "to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title."

*Collier on Bankruptcy*, 15 Ed., Vol. 2, Section 362.04, page 362–35 states:

Paragraph 6 is intended to prevent creditor harassment of the debtor in attempting to collect prepetition debts. The conduct prohibited ranges from that of an informal nature, such as by telephone contact or by dunning letters to more formal judicial and administrative proceedings that are also stayed under paragraph (1).

It is the legislative intent of Congress that applications for reaffirmation of pre-bankruptcy debts must be filed with the Court for approval to prevent the type of action that took place in this case. See *Bankruptcy Service, Lawyer's Edition*, Vol.

9, legislative history, Section 82:4, Pages 139–141 inclusive.

Congress has clearly expressed the intention that the debtor's right to a discharge should be protected and he be granted a fresh start under the Bankruptcy statutes.

The statutory intent of Congress is that when the debtor and creditor desire to make a reaffirmation agreement, proper procedure should be followed and the Bankruptcy Court is charged with the duty to see that these laws are enforced as enacted by the Congress.

Therefore, the Court concludes that the reaffirmation executed by the debtor for the prebankruptcy debt in the amount of $549.80 is unenforceable and Beneficial Finance Company of Ohio should be enjoined from collecting said debt from the debtor.