In re Ralph L. BUTTON, Jr., Debtor.

Ralph L. BUTTON, Jr., Plaintiff,

v.

SHERIDAN OIL COMPANY, INC., Defendant.

Bankruptcy No. 80–20557.

United States Bankruptcy Court, W. D. New York.

March 2, 1982.

John A. Ward, Ithaca, N. Y., for plaintiff.

Richard Wesley, Geneseo, N. Y., for defendant.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

On or about June 15, 1979, Mr. Button pleaded guilty to petit larceny and was placed on probation. The terms of probation required him to make restitution to the victim, Sheridan Oil Company, in the amount of $7,597.26 with interest by making weekly payments of $25. Thereafter, Mr. Button filed his bankruptcy petition and on December 8, 1980, he came before this Court arguing that restitution was a dischargeable debt and seeking an order enjoining the District Attorney from enforcing the Order of Restitution. His motion was denied and this Court said at that time:

> "[I]t seems clear that the debt owed by the debtor to the creditor, Sheridan Oil Company, has been discharged because they did not file an objection to discharge under § 523 of the Bankruptcy Code. However, the criminal sentence of restitution as a condition of probation is an entirely different matter. This is part of the punishment for the crime to which the debtor pleaded guilty. The court cannot see in any section of the Bankruptcy Code an intention by the Federal Government to relieve debtors of criminal responsibilities. Therefore, since the criminal proceeding was a matter entirely within the jurisdiction of the courts of the State of New York, this Court does not believe that it has jurisdiction to interfere with the sentence of the State Court."

*In re Button*, 8 B.R. 692, 3 CBC 2d 736, 739 (Bkrtcy.1981).

Shortly, thereafter, Mr. Button stopped making his restitution payments and was threatened with jail by the District Attorney for violating the terms and conditions of his parole. Not only did Mr. Button want to avoid doing time, but he also wanted to get off probation. He achieved this valuable result by executing a promissory note to Sheridan Oil Company. Sheridan was deemed to have received satisfactory restitution and Mr. Button was released from parole.

Evidently, overwhelmed by force of habit, Mr. Button soon defaulted on the note. When Sheridan had the audacity to attempt collection of the note, Mr. Button came running back to this Court with the novel but incredibly disingenuous argument that the debt Sheridan wants to collect is really "the same debt that was discharged by this Court on September 12, 1980. Said debt was not reaffirmed as required under 11 U.S.C. § 524(c)(d) of the Bankruptcy Code" and that Sheridan should be ordered to cease its collection efforts.

Mr. Button's argument is completely without merit. The note at issue evidences a new, post petition debt incurred by Mr. Button and supported by good and sufficient consideration. By signing the note, he substituted a civil enforcement mechanism for the criminal process. Mr. Button, like everyone else, must now pay for his freedom by accepting his responsibilities.

Plaintiff's complaint should be dismissed in all respects and the temporary restraining order dated December 21, 1981 terminated and it is so ordered.