In re David HEIRHOLZER, Debtor.

MINSTER STATE BANK, Plaintiff,

v.

David T. HEIRHOLZER, Defendant.

Bankruptcy Nos. 93–3081, 90–00247.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 28, 1994.

Benjamin F. Yale, Waynesfield, OH, for defendant.

Thomas Katterheinrich, New Knoxville, OH, for plaintiff.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motions for Summary Judgment filed by the Defendant and Plaintiff. The Court has reviewed the written arguments of Counsel, supporting memoranda, and exhibits, as well as the entire record in the case. Based upon that review, and for the following reasons, this Court finds that the Plaintiff's Motion for Summary Judgment should be Granted and Defendant's Motion for Summary Judgment should be Denied.

## FACTS

In December of 1988, David Heirholzer (hereafter "Defendant") executed a promissory note to Minster State Bank (hereafter "Plaintiff") in the amount of Fifteen Thousand and 00/100 Dollars ($15,000.00). This note was secured by a second mortgage on real property owned by the Defendant in Auglaize County, Ohio. In January of 1990, unable to make payments upon this note and various other obligations, the Defendant filed a Petition in Bankruptcy. On May 15, 1990, this Court granted the Defendant a discharge from these debts.

On June 11, 1990, three (3) weeks after the discharge, the parties executed a new promissory note with accompanying mortgage in consideration of the Plaintiff agreeing not to foreclose on its mortgage. This subsequent note was for the sum of Fifteen Thousand Five Hundred and 00/100 Dollars ($15,-000.00), and its proceeds were used by the Plaintiff to pay off the Debtor's previous note. Subsequently, the Defendant defaulted on the payment of this note as well.

Shortly thereafter, Bank One of Wapakoneta filed a complaint in foreclosure against the Defendant, pursuant to a separate promissory note held against the Defendant. Plaintiff, being listed as a co-defendant, used the opportunity to file a cross-claim demanding judgment against the Defendant regarding the default of its promissory note from June of 1990. In August of 1991, the Auglaize County Common Pleas Court granted the Plaintiff a default judgment pursuant to its cross-claim.

In April of 1992, the sheriff sold Defendant's real estate for the sum of Twenty Four Thousand Five Hundred and 00/100 Dollars ($24,500.00). However, the Plaintiff did not receive any proceeds from this sale. On May 1, 1992, after receiving no payment on its judgment, the Plaintiff received a deficiency judgment against the Defendant.

In February of 1993, the Defendant was served notice of garnishment of wages by the Plaintiff. Thereafter, the Defendant requested a hearing on the garnishment, arguing that his debt had been discharged by this Court in May of 1990. In June of 1993, the case was removed to this Court to determine if the debt was discharged.

## LAW

The relevant law reads in part as follows:

**11 U.S.C. § 524 Effect of discharge.**

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to an extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

(2) such agreement contains a clear and conspicuous statement which advises the debtor that the agreement may be rescinded at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney that represented the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor or a dependent of the debtor;

(4) the debtor has not rescinded such agreement at any time prior to discharge or within sixty days after such agreement is filed with the court, whichever occurs later, by giving notice of rescission to the holder of such claim;

(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating

an agreement under this subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor;  and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

## 11 U.S.C. § 362 Automatic stay.

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(c) Except as provided in subsections (d), (e), and (f) of this section—

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(C) ... the time a discharge is granted or denied.

### DISCUSSION

The issue before the Court is whether the second promissory note constitutes a previously discharged debt. The Defendant argues that the June 11, 1990 agreement is an invalid reaffirmation agreement that improperly attempts to revive the original promissory note that was discharged by this Court. The Plaintiff, on the other hand, does not allege that a reaffirmation agreement exists, but rather that the second promissory note is a separate and enforceable post-discharge contract. This case is a core proceeding under 28 U.S.C. § 157(b)(2)(I), since it involves a determination as to the dischargeability of the second promissory note.

■ The Defendant argues that the Plaintiff is not entitled to any payment on the post-discharge agreement since there was no reaffirmation of the initial promissory note between the parties. This Court agrees specifically that the subsequent note does not constitute a valid reaffirmation agreement. Pursuant to 11 U.S.C. § 524, there are five (5) requirements that must be fulfilled in order to properly reaffirm a previously discharged debt: 1) the agreement must be made prior to discharge;  2) the agreement must advise the debtor that the reaffirmation may be rescinded up to sixty (60) days after it is filed;  3) the agreement must be filed with the court;  4) the debtor cannot already have rescinded the agreement within the proper time frame;  and 5) the agreement must be in the best interest of the debtor. The element of most significance to the present case requires that the reaffirmation agreement be executed prior to the time of discharge. In the facts before the Court, the Defendant and Plaintiff entered into the second promissory note on June 11, 1990. Since this occurred three (3) weeks after the May 21, 1990 discharge of the original note, there is no question that the second note fails to reaffirm the previously discharged debt.

■ The Defendant further alleges that since the subsequent agreement was based in whole or in part upon a dischargeable debt, reaffirmation is the only means by which it can be enforced. *In re Gardner,* 57 B.R. 609 (Bankr.D.Me.1986). The Court is not persuaded that this decision is controlling in the case at bar. Although correct about the absence of a binding reaffirmation agreement, the Defendant fails to consider whether the second note could be a new contract supported by good and sufficient consideration. The determination of this question appears to be an issue of first impression in the Sixth Circuit. Examination of the treatment of this question in other circuits reveals that the pivotal factor which serves to establish a valid post discharge contract is the existence of some separate consideration for the subsequent agreement. *In re Artzt,* 145 B.R. 866 (Bankr.E.D.Tex.1992).

In *In re Button,* 18 B.R. 171 (Bankr. W.D.N.Y.1982) the Debtor, guilty of petit larceny, was placed on probation and re-

quired to make restitution. Shortly thereafter, the Debtor filed for bankruptcy and discontinued the restitution payments. When the Bankruptcy Court determined that all debts excepting the restitution payments were dischargeable, the Debtor was threatened with jail for violating the terms of his parole. To avoid jail, and to get off probation, the Debtor executed a promissory note with the Creditor. When the Debtor later defaulted on this note, he claimed that he was not obligated to pay it since it had been discharged in the prior bankruptcy case. The Court, holding that the debt was not discharged, determined that the note constituted "a new, post petition debt ... supported by good and sufficient consideration" since "by signing the note, [the Debtor] substituted a civil enforcement mechanism for the criminal process." *Id.* at 172.

Similarly, *In re Petersen*, 110 B.R. 946 (Bankr.D.Colo.1990) involved a Debtor who signed a lease for a commercial building. Three (3) months after signing the lease, the Debtor filed for bankruptcy, naming the landlord as a creditor. One (1) month after discharge, the Debtor and the Creditor executed an addendum that reinstated the discharged lease. After three (3) years, the Debtor notified the Creditor that he would no longer be able to make payments on the lease. When the Creditor filed suit to recover the rent payments, the Debtor claimed this to be in contempt of court since the lease was discharged in the prior bankruptcy case. In ruling for the Creditor, the Court stated that where a "debtor elects, post-petition, to adopt and continue a pre-petition lease agreement rejected by the trustee, *and there is legally sufficient post-petition consideration between the parties,* then the lease will be deemed a binding, enforceable post-petition obligation." *Id.* at 950 (emphasis added).

The case at bar is similar to this line of cases. Pursuant to 11 U.S.C. § 362(a)(5), the automatic stay initiated by the filing of a Petition in Bankruptcy operates to prevent foreclosure by a creditor on a pre-petition lien. However, 11 U.S.C. § 362(c)(2)(C) clearly states that the stay is no longer operative once a discharge is granted. *In re Whitmer*, 142 B.R. 811 (Bankr.S.D.Ohio 1992). Thus, once the Defendant in this case received his discharge in May of 1990, the Plaintiff had every right to proceed in foreclosure on the mortgage. Not wanting to lose his property, the Defendant quickly signed a subsequent post-discharge promissory note in consideration of the bank agreeing not to foreclose on its mortgage.

Similar to the analysis in *Petersen* and *Button,* this decision to forego foreclosure represents new and sufficient consideration to support a binding post-discharge obligation. It has been long established that a decision to forbear a valid legal claim provides sufficient consideration to support an agreement between two (2) parties. *Brainard v. Harris*, 14 Ohio 107, 108, 1846 WL 12 (1846). Thus, this Court views this second note as a valid contract that is completely separate from the initial note that was discharged in bankruptcy.

This is especially true when the breadth of the documentation is considered. The parties in the case at bar executed a completely new set of paperwork to initiate their subsequent agreement. In *Petersen,* the Court found a valid post-discharge agreement when a mere addendum was added to the original agreement. If this sort of modification can be sufficient when supported by additional consideration, a stronger argument exists, as here, where the parties go to the trouble of executing an entirely new set of documentation.

In conclusion, it is the view of this Court that the second promissory note between the Plaintiff and the Defendant is not a reaffirmation agreement. However, the subsequent note represents a valid debt since it constitutes a new contract supported by good and sufficient consideration.

In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of Counsel, regardless of whether or not they are specifically referred to in this opinion.

*Accordingly, it is*

***ORDERED*** that Plaintiff's Motion for Summary Judgment be, and is hereby, ***GRANTED;*** and that Defendant's Motion

for Summary Judgment be, and is hereby, *DENIED.*