Deric J. PEREIRA, on behalf of himself and all others similarly situated, Plaintiffs,

v.

FIRST NORTH AMERICAN NATIONAL BANK, Defendant.

Civil Action No. 1:98CV0103TWT.

United States District Court,
N.D. Georgia,
Atlanta Division.

May 14, 1998.

James Donald Humphries, III, Alison T. Boak, Varner Stephens Humphries & White, Atlanta, GA, Jordan M. Lewis, phv, Siegel Brill Creupner & Duffy, Minneapolis, MN, for plaintiff.

David G. Russell, Charles W. Lyons, Parker Hudson Rainer & Dobbs, Atlanta, GA, for defendant.

### ORDER

THRASH, District Judge.

In this action, the Plaintiff seeks monetary damages, declaratory and injunctive relief for the Defendant's alleged violation of the automatic stay and post discharge injunction provisions of the United States Bankruptcy Code. This matter is before the Court on the

Defendant's Motion to Dismiss the Complaint [Doc. No. 6].

## I. BACKGROUND

Plaintiff Deric Pereira, a Massachusetts resident, filed a Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of Massachusetts. In his bankruptcy schedules, the Plaintiff listed a pre-petition debt to Defendant First North American National Bank in the amount of $1,501.80. On or about January 30, 1997, the Plaintiff received a reaffirmation agreement from the Defendant. The agreement requested the Plaintiff to "reaffirm" a debt to the Defendant of $1,300 with 12% interest. The agreement required the Plaintiff to make monthly payments of $35 to the Defendant to satisfy the "reaffirmed" debt. The Plaintiff executed the reaffirmation agreement on or about February 3, 1997, and returned it to the Defendant. Since signing the reaffirmation agreement, the Plaintiff has made and continues to make payments to the Defendant. On February 25, 1997, the bankruptcy court discharged the Plaintiff's pre-petition debts. The Defendant never filed the reaffirmation agreement with the bankruptcy court.

On January 9, 1998, the Plaintiff filed this class action complaint against the Defendant on behalf of himself and all others similarly situated. The Plaintiff seeks class-wide relief for persons who have filed for bankruptcy relief and yet have been paying discharged debts due to the Defendant's alleged violations of certain provisions in the Bankruptcy Code. In Count I, the Plaintiff contends that the Defendant's failure to file his reaffirmation agreement with the bankruptcy court (and failure to file the reaffirmation agreements of class members with the proper bankruptcy court) violated 11 U.S.C. § 524(c) which governs permissible post-bankruptcy petition reaffirmation agreements. In Count II, the Plaintiff asserts that the collection of money from the Plaintiff and class members to satisfy pre-petition debts without filing the reaffirmation agreements with the proper bankruptcy court violated the automatic stay provisions of 11 U.S.C. § 362. In Count III, the Plaintiff

asserts that the Defendant has violated the discharge injunction imposed by 11 U.S.C. § 524(a)(2) by collecting money from the Plaintiff and class members to satisfy pre-petition debts. In Counts IV and V, the Plaintiff asserts state law claims of unjust enrichment and accounting.

The Defendant has filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. With regard to Counts I and III, the Defendant contends that no private right of action exists under Section 524, that the sole remedy for violations of that section is an individual action for civil contempt and that a civil contempt action is an individual action not appropriate for class-wide relief. The Defendant further contends that the court that entered the discharge order should hear any civil contempt action relating to its violation. With regard to Count II, the Defendant contends that it did not violate the automatic stay because it did not receive any money from the Plaintiff while the stay was in place. With regard to the state claims, the Defendant contends that they are preempted by the Bankruptcy Code. Even if there is no federal preemption, the Defendant contends that if the Court dismisses Counts I through III, it should decline to exercise supplemental jurisdiction over the state claims.

The Plaintiff responds that he has a right to bring a contempt action under either the court's inherent power or the statutory contempt power of 11 U.S.C. § 105 to remedy violations of Section 524. The Plaintiff contends that the Defendant's preemption arguments are premature because it has yet to be determined whether the Bankruptcy Code provides him with a remedy. Finally, the Plaintiff contends that he "can easily prove facts that would violate the automatic stay provision of Section 362."

## II. MOTION TO DISMISS STANDARDS

A complaint should be dismissed under Rule 12(b)(6) only where it appears beyond doubt that no set of facts could support the plaintiff's claims for relief. Fed.R.Civ.P. 12(b)(6); *see Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Linder v. Portocarrero*, 963 F.2d 332 (11th

Cir.1992). The Court accepts the facts pleaded in the complaint as true and construes them in the light most favorable to the plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.,* 711 F.2d 989, 994–95 (11th Cir.1983).

### III. DISCUSSION

#### A. Section 524 claims

■ The effect of a bankruptcy discharge is specified in 11 U.S.C. § 524. This section, which is designed to protect a debtor only from in personam liability, specifies in relevant part that a discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived." 11 U.S.C. § 524(a)(2). *See Walker v. M & M Dodge, Inc. (In re Walker* ), 180 B.R. 834, 841 (Bankr.W.D.La.1995). The debtor, however, may enter into an agreement with a creditor to reaffirm an otherwise dischargeable debt. The agreement becomes binding only if made in compliance with Section 524(c) and (d). *See Republic Bank of California, N.A. v. Getzoff (In re Getzoff* ), 180 B.R. 572, 574 (9th Cir. BAP 1995); *In re Bowling,* 116 B.R. 659, 663 (Bankr.S.D.Ind.1990). Section 524(c) and (d) set out five criteria that must be satisfied to reaffirm a previously discharged debt:(1) the agreement must be made before discharge; (2) the agreement must advise the debtor that the reaffirmation may be rescinded either before discharge or within 60 days after the agreement is filed with the court, whichever occurs later; (3) the agreement must be filed with the court; (4) the debtor cannot already have rescinded the agreement within the proper time frame; and (5) the agreement must be in the best interest of the debtor. 11 U.S.C. § 524(c) and (d); *Getzoff,* 180 B.R. at 574. Because of the danger that creditors may force debtors into undesirable reaffirmation agreements, these agreements are disfavored and strict compliance with Section 524 is mandatory. *Id.*

■ Here, the Plaintiff seeks monetary damages for the alleged violation of Section 524 in connection with the reaffirmation agreement and the Defendant's collection of money purportedly in violation of the Boston bankruptcy court's discharge injunction. The Plaintiff has cited no authority that Section 524 creates such private cause of action. Rather, case law uniformly holds that Section 524 does not expressly allow for damages, costs, or create a private cause of action in a district court other than the court having jurisdiction of the underlying bankruptcy action. *See Perovich v. Humphrey,* No. 97 C 3290, 1997 WL 674975 at *3–4 (N.D.Ill. Oct. 28, 1997); *Sullivan v. All States Lumber, Inc. (In re Sullivan* ), 90 B.R. 307, 308–09 (M.D.Tenn.1988); *Costa v. Welch (In re Costa* ), 172 B.R. 954, 965–66 (Bankr.E.D.Cal. 1994). Such omission is not accidental especially where Congress expressly provided for damage remedies in another bankruptcy section, 11 U.S.C. § 362(h), for willful violations of the automatic stay. *See Perovich,* 1997 WL 674975 at *3. After considering the four-part test for implying a private cause of action as set forth in *Cort v. Ash,* 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), the bankruptcy court in *Costa* concluded that neither Section 524 nor Section 105, the statutory contempt power, conferred a private right of action for violation of the discharge injunction. *Costa,* 172 B.R. at 965–66. Because no private cause of action exists under Section 524, Counts I and III of the Complaint must be dismissed.

■ The Plaintiff argues that it has asserted viable causes of action under Counts I and III because courts have awarded damages for Section 524 violations based on either the court's inherent contempt power or Section 105. Courts have awarded damages for civil contempt for violations of Section 524 based on the court's inherent contempt power or the statutory contempt power of Section 105. *See Hardy v. United States (In re Hardy* ), 97 F.3d 1384, 1388–90 (11th Cir. 1996); *Walker,* 180 B.R. at 847; *Bowling,* 116 B.R. at 664–65. However, a review of the Plaintiff's Complaint reflects that the Plaintiff has failed to state his claims as contempt actions based on either the Court's inherent contempt power or under the Sec-

tion 105 statutory contempt power. Even if the Court could strain to construe the Plaintiff's Complaint as a contempt action for violations of Section 524, the court whose order has been defied must entertain the contempt action. *See Klett v. Pim,* 965 F.2d 587, 590–91 (8th Cir.1992); *Lubrizol Corp. v. Exxon Corp.,* 871 F.2d 1279, 1290 (5th Cir.1989) (citing *Dunham v. United States,* 289 F. 376, 378 (5th Cir.1923)). In dismissing Counts I and III, the Court further concludes that the Plaintiff's action arises or relates to a Title 11 bankruptcy case and that the Boston bankruptcy court that issued the discharge injunction is the proper forum for this dispute. *See* 28 U.S.C. § 157; *Perovich,* 1997 WL 674975 at *3–4.

### B. *Section 362 claim*

The bankruptcy automatic stay provisions provide that a petition operates as a stay of any act to obtain property of the estate and any act to collect, perfect or enforce a lien against property of the debtor to the extent that the lien secures a claim that arose before the commencement of the case. 11 U.S.C. § 362(a)(3) and (a)(6). Pursuant to these stay provisions, "all proceedings against the debtor or the debtor's property are stayed during the pendency of the bankruptcy proceedings." *Carver v. Carver,* 954 F.2d 1573, 1576 (11th Cir.), *cert. denied,* 506 U.S. 986, 113 S.Ct. 496, 121 L.Ed.2d 434 (1992). In a Chapter 7 case, the protection afforded by the automatic stay continues until the debtor is either granted or denied a discharge, or until otherwise terminated by the bankruptcy court, whichever is earliest. *See* 11 U.S.C. § 362(c). Section 362 further provides that "[a]n individual injured by any willful violation of the automatic stay … shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h). Because "the automatic stay is essentially a court-ordered injunction, any person or entity who violates the stay may be found in contempt of court." *Carver,* 954 F.2d at 1578.

■ Section 362, in contrast to Section 524, authorizes an award of damages for willful violations of the automatic stay. How-ever, the Plaintiff has failed to allege any acts of the Defendant that have violated the automatic stay before the discharge injunction was entered on February 25, 1997. Nowhere in the Complaint does the Plaintiff allege that the Defendant received money to satisfy the subject indebtedness before the February 25, 1997, discharge. Moreover, the Court concludes that any action for violation of the automatic stay, an action arising or relating to a Title 11 case, should be brought before the proper forum, the Boston bankruptcy court that issued the automatic stay and the discharge injunction. Accordingly, Count II is dismissed.

### C. *State law claims*

■ The Defendant contends that the state law claims of unjust enrichment and accounting are preempted by the Bankruptcy Code. The Supremacy Clause of the Constitution provides that the laws of the United States "shall be the supreme Law of the Land … any Thing in the Constitution or laws of any State to the Contrary notwithstanding." U.S. Const. Art. VI. State law that conflicts with federal law is, therefore, without effect. *Irving v. Mazda Motor Corp.,* 136 F.3d 764, 767 (11th Cir.1998). The question of whether a federal statute or regulation preempts state law is one of congressional intent. *See Medtronic, Inc. v. Lohr,* 518 U.S. 470, 484–86, 116 S.Ct. 2240, 2250, 135 L.Ed.2d 700 (1996); *Irving,* 136 F.3d at 767. "The Bankruptcy Code provides a comprehensive scheme reflecting a 'balance, completeness and structural integrity that suggests remedial exclusivity.' " *Brandt v. Swisstronics, Inc. (In re Shape* ), 135 B.R. 707, 708 (Bankr.D.Me.1992) (quoting *Periera v. Chapman,* 92 B.R. 903, 908 (C.D.Cal.1988)). Here, the Bankruptcy Code provides the remedial scheme for addressing violations of Sections 362 and 524, including the filing of civil contempt proceedings under the bankruptcy court's inherent contempt power and Section 105. A proper complaint filed in the appropriate forum may allow the Plaintiff to take advantage of these remedies. Congress clearly intended violations of the Bankruptcy Code provisions relating to the automatic stay and post-discharge injunction

**32**

to be addressed in the bankruptcy court rather than in state law actions for an accounting or for unjust enrichment. The Plaintiff's state law claims of unjust enrichment and accounting, which are tied to the Defendant's alleged violations of Sections 362 and 524, are therefore preempted. These state law claims are therefore dismissed.

## IV. CONCLUSION

The Defendant's Motion to Dismiss the Plaintiff's Class Action Complaint [Doc. No. 6] is GRANTED. The Clerk is, therefore, directed to enter final judgment in favor of the Defendant and against the Plaintiff.