In re Kimberly J. **COCKRELL**, Debtor.

No. 2:13–bk–71073.

United States Bankruptcy Court,
W.D. Arkansas,
Fort Smith Division.

Aug. 6, 2013.

Joseph W. Cornell, Wayne Young Law Firm, P.A., Fayetteville, AR, for Debtor.

## ORDER

BEN BARRY, Bankruptcy Judge.

Before the Court is a reaffirmation agreement filed with the Court on June 5, 2013, between the debtor, Kimberly Cockrell, and creditor Ally Financial. Attached to the reaffirmation agreement is the debtor's Motion For Approval of Reaffirmation Agreement. The Court has jurisdiction over this matter under 28 U.S.C. § 1334 and 28 U.S.C. § 157, and it is a core proceeding under 28 U.S.C. § 157(b)(2)(O). The Court held a hearing on the debtor's motion for approval of reaffirmation agreement on July 17, 2013, and continued the hearing to August 14, 2013. After considering the testimony of the debtor and reviewing the reaffirmation agreement, for the reasons stated below, the Court finds that the reaffirmation agreement is not in the best interest of the debtor, denies her motion, and cancels the hearing on August 14, 2013.

The debtor's reaffirmation agreement provides the necessary information for the Court to render its decision. The debtor seeks to reaffirm a debt of $22,730.27, payable at $429.86 a month with an interest rate of 6.89%. According to the reaffirmation agreement, the collateral securing the debt is a 2012 Chevrolet Malibu with a current market value of $16,500.00. In Part II of the reaffirmation agreement—

Debtor's Statement in Support of Reaffirmation Agreement—the debtor states that she has $429.86 available each month to pay the reaffirmed debt. Because the debtor's monthly income is not less than the debtor's monthly expenses, including the reaffirmed debt, a presumption of undue hardship does not arise. 11 U.S.C. § 524(m)(1) (a presumption of undue hardship arises when "the debtor's monthly income less the debtor's monthly expenses as shown on the debtor's . . . statement in support of such agreement . . . is less than the scheduled payments on the reaffirmed debt"). Although the debtor was represented by counsel during her bankruptcy case, her attorney did not sign Part IV of the reaffirmation agreement, the Certification by Debtor's Attorney. Accordingly, the debtor properly filed a motion for the Court to approve the reaffirmation agreement pursuant to 11 U.S.C. § 524(c)(6), stating that she was not represented by counsel in connection with the agreement.[1]

■ When a debtor files for bankruptcy protection, the bankruptcy code obligates the debtor to take specific prescribed action with regard to personal property. She can surrender the property to the creditor and treat any resulting deficiency as an unsecured claim in her bankruptcy, or she can retain the property and either redeem it by paying the creditor the amount of the allowed secured claim or by reaffirming her debt with the creditor. 11 U.S.C. § 521(a)(2). In this instance, the debtor has done what she is required to do under the code: she has stated her intention to reaffirm the debt and has entered into the appropriate reaffirmation agreement with the creditor timely. Because reaffirming an obligation to repay a debt is contrary to the debtor's "fresh start," the code requires the debtor to meet certain conditions to reaffirm an otherwise dischargeable obligation. *In re Duffy*, No. 11–00841, 2011 WL 4344564, at *2 (Bankr. N.D.Iowa, Sept. 15, 2011) (citing *In re Jamo*, 283 F.3d 392, 398 (1st Cir.2002); *In re Getzoff*, 180 B.R. 572, 574 (9th Cir. BAP 1995); and *In re Reed*, 403 B.R. 102, 104 (Bankr.N.D.Okla.2009)). Unless there is a presumption of undue hardship, the conditions to reaffirm a debt are found in § 524(c). If a presumption of undue hardship arises, the court must also look to § 524(m) for guidance. *See In re Schmidt*, 397 B.R. 481, 484 (Bankr.W.D.Mo.2008) (subsection (m) only applies when there is a presumption of undue hardship, without limitation as to debts secured by real prop-

---

1. Some courts hold that if a debtor was represented by counsel during the pendency of her bankruptcy case, that attorney has an obligation to sign the Certification by Debtor's Attorney on any reaffirmation agreement filed with the court. *See, e.g., In re Minardi*, 399 B.R. 841, 847 (Bankr.N.D.Okla.2009) ("If a debtor was represented during the course of negotiating a reaffirmation agreement, but debtor's counsel is unable or unwilling to make the required certifications, then the agreement does not satisfy § 524(c)(3) and is unenforceable.") Failure to sign the certification would indicate that, in the attorney's opinion, the agreement either imposed an undue hardship on the debtor or was otherwise not in the debtor's best interest.

This Court believes that an attorney who has been hired by a debtor has an obligation to assist the debtor with her decision to reaffirm a debt by advising the debtor about the process and evaluating the effect of the agreement. However, the Court also understands that there may be some situations in which the debtor and the attorney disagree over the benefits of reaffirming a debt. In such a situation, the attorney may not be comfortable signing the certification because he or she believes the declaration or affidavit is not applicable. *See* 11 U.S.C. § 524(c)(3) ("such agreement has been filed with the court and, *if applicable*, accompanied by a declaration or an affidavit of the attorney. . . .") In this situation, such as the case presently before the Court, the Court will schedule a hearing on the reaffirmation agreement.

erty); *see also In re Coleman,* No. 10–10171, 2010 WL 5067429, at *2 (Bankr. D.S.D. Dec. 7, 2010) (explaining the addition of § 524(m) with the enactment of BAPCPA in 2005).

When a reaffirmation agreement between the debtor and one of her creditors is filed with the court, the court is presented with one of four possible scenarios under which to proceed. *See, e.g., In re Coleman,* 2010 WL 5067429, at *2. The four possible scenarios are:

I.  If the reaffirmation agreement is (1) signed by debtor's counsel and (2) either between the debtor and a credit union or there is no presumption of undue hardship, the reaffirmation agreement is effective upon filing and the court does not need to approve or disapprove the agreement. 11 U.S.C. § 524(c)(2), which incorporates 11 U.S.C. § 524(k)(1), which incorporates 11 U.S.C. § 524(k)(3)(J)(i): 6 and (J)(ii).

II. If the reaffirmation agreement (1) is either not signed by debtor's counsel or the debtor is proceeding without counsel, (2) references a consumer debt secured by real property, and (3) does not establish a presumption of undue hardship, the court will schedule a hearing. At the hearing, the court will inform the debtor that the reaffirmation agreement is not required by law and the legal effect and consequences of the agreement, including the effect of a default under the agreement. 11 U.S.C. § 524(d). The court does not need to approve or disapprove the agreement. 11 U.S.C. § 524(c)(2), which incorporates 11 U.S.C. § 524(k)(1), which incorporates 11 U.S.C. § 524(k)(3)(J)(i): 7.

III. If the reaffirmation agreement (1) is either not signed by debtor's counsel or the debtor is proceeding without counsel, (2) references a debt that is not a consumer debt secured by real property, and (3) does not establish a presumption of undue hardship, the court will schedule a hearing. At the hearing, the court will inform the debtor that the reaffirmation agreement is not required by law and the legal effect and consequences of the agreement, including the effect of a default under the agreement. 11 U.S.C. § 524(d). Additionally, the court must review and approve the agreement as (1) not imposing an undue hardship on the debtor or a dependent of the debtor and (2) being in the best interest of the debtor. 11 U.S.C. § 524(c)(6).

IV. In addition to the requirements set forth in scenarios I, II, and III, if the reaffirmation agreement establishes a presumption of undue hardship, the court must also review the presumption. If the presumption is not rebutted to the satisfaction of the court, the court may disapprove the agreement. 11 U.S.C. § 524(m). To rebut the presumption, the debtor must explain with specificity to the court—either at a hearing or, if represented by counsel, in writing—the sources of funds available to the debtor to enable the monthly payments on the reaffirmed debt. This scenario does not apply to a reaffirmation agreement between a debtor and a credit union (see scenario I).

In the case before the Court, the debtor is proceeding under the third scenario: (1)

the reaffirmation agreement was not signed by counsel, (2) the debt is not a consumer debt secured by real property, and (3) the reaffirmation agreement does not establish a presumption of undue hardship. Hence, the Court must review and approve the agreement as not imposing an undue hardship on the debtor or a dependent of the debtor and being in the best interest of the debtor. As stated earlier, the car that is used as collateral for the debt has a current market value of $16,500.00, yet the debtor is wanting to reaffirm her total debt of $22,730.00. In essence, the debtor wants to reaffirm more than $6000.00 of unsecured debt. The debtor testified that she is current on her payments to Ally Financial. If she remains current on her payments throughout the life of the loan, she will have performed according to the terms of her contract with Ally Financial, which is exactly what the reaffirmation agreement would require.[2] However, a problem arises if she was to miss one or more of her payments under an approved reaffirmation agreement.

If the Court approves the reaffirmation agreement, the debtor's personal liability on the entire debt would survive the debtor's discharge. In other words, the debtor's obligation to Ally Financial would remain a recourse obligation. If she misses a payment in the future, Ally Financial would not only have the right to peacefully repossess the vehicle and sell it, it would also have the right to collect any deficiency from the debtor that might remain if the money received from the sale of the vehicle did not satisfy the debtor's obligation to the creditor. According to the debtor's reaffirmation agreement, the current deficiency—the difference between the reaf-

firmed amount and the value of the car—is more than $6000.00.

The result is significantly different if the Court does not approve the reaffirmation agreement. Without an approved reaffirmation agreement, when the debtor receives her discharge, the debtor's obligation to Ally Financial will become a nonrecourse obligation. In other words, if the debtor misses a payment in the future and defaults on her obligation to Ally Financial, Ally Financial can only look to the value of the vehicle to satisfy the obligation. The debtor would have no personal liability for any deficiency that might remain after the creditor repossesses and sells the vehicle.

Because she is proceeding without counsel, the Court must review and approve the reaffirmation agreement as (1) not imposing an undue hardship on the debtor or a dependent of the debtor and (2) being in the best interest of the debtor. 11 U.S.C. § 524(c)(6). According to the debtor's reaffirmation agreement, a presumption of undue hardship does not arise. She states that she has $429.86 available to make a monthly payment to the creditor of $429.86 for the reaffirmed debt. The Court will rely on the information presented by the debtor and find that the reaffirmation agreement as presented does not impose an undue hardship on the debtor or a dependent of the debtor. The Court must also determine whether the reaffirmation agreement is in the best interest of the debtor.

■ In this case, the Court finds that the reaffirmation agreement is not in the best interest of the debtor. The debtor testified that she is current on her payments to Ally Financial. Because the debtor entered into a reaffirmation agreement as required by the code, as long as

---

**2.** She is also allowed to make these payments to Ally Financial without the Court approving her reaffirmation agreement. 11 U.S.C.

§ 524(f) ("Nothing contained in subsection (c) or (d) of this section prevents a debtor from voluntarily repaying any debt.").

she remains current in her obligation to Ally Financial, the debtor can retain possession of the vehicle by simply continuing to make her monthly payments, regardless of whether the Court approves the reaffirmation agreement.[3] She is not penalized just because the Court finds that the reaffirmation agreement is not in her best interest. Should her financial situation deteriorate to the point where she can no longer make timely payments and is not able to keep the car, she will not be personally liable for any deficiency if the value of the car exceeds the remaining debt to Ally Financial. The Court cannot conceive of any benefit that the debtor would obtain from entering into this reaffirmation agreement and, therefore, cannot approve the agreement.

In sum, the Court finds that the debtor properly entered into a reaffirmation agreement for the retention of her personal property. Because the debtor proceeded without counsel, the Court was required to review and approve the agreement as (1) not imposing an undue hardship on the debtor or a dependent of the debtor and (2) being in the best interest of the debtor. The Court finds that the reaffirmation agreement as filed does not impose an undue hardship on the debtor or a dependent of the debtor, but does find that the reaffirmation is not in the best interest of the debtor for the reasons stated above. Accordingly, the Court does not approve the debtor's reaffirmation agreement.

IT IS SO ORDERED.

---

**3.** To the extent the parties' contract created an event of default upon the debtor filing a bankruptcy petition, the code nullifies that contractual provision provided the debtor took the appropriate steps to reaffirm her debt, which she did. 11 U.S.C. § 365(e)(1) (stating *ipso facto* clause not effective upon the commencement of a bankruptcy case); 11 U.S.C. § 521(d) (stating if debtor fails to reaffirm or redeem personal property, contractual *ipso facto* clause effective).