**In re Richard Albert BURKS and Fern Irene Burks, Debtors.**

**Bankruptcy No. 93–30507.**

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

March 2, 1995.

John J. Hunter, Sr., Trustee, Toledo, OH.

Frederick J. Sweeney, Toledo, OH, for debtors.

Kerry Bruce, Toledo, OH, for Toledo Dept. of Utilities.

### MEMORANDUM OPINION AND DECISION

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon Debtor's Motion to Show Cause as to why the City of Toledo Department of Public Utilities should not be held in contempt for violating the Automatic Stay. A Hearing was held and the Parties were instructed to file Briefs with the Court, and if further oral argument was needed the Parties were to request the same. The Parties have filed their briefs, and no request for further argument was made. This Court has reviewed the arguments of counsel, exhibits as well as the entire record in the case. Based upon that review, and for the following reasons, the Court finds that the Toledo Department of Public Utilities has not violated either the Automatic Stay or the Permanent Injunction provisions of the Bankruptcy Code, and that Debtor's Motion to Show Cause shall be dismissed.

### FACTS

Richard Albert Burks and Fern Irene Burks (hereafter "Debtors") filed for Chapter 7 Bankruptcy relief on February 22, 1993. On April 30, 1993, the City of Toledo Department of Public Utilities (hereafter "DPU") sent a bill to the Debtors for unpaid water and sewer service provided at their residential property from 1981 through 1993, totalling Three Thousand Nine Hundred Seventy-one Dollars and 62/100 ($3,971.62). On May 6, 1993, the Debtors amended their petition to include the debt to DPU in the amount of Four Thousand One Hundred Sixty-two and 70/100 Dollars ($4,162.70). DPU did not file a proof of claim. The Debtors were granted a discharge on June 28, 1993.

On August 25, 1993, DPU sent the Debtors a letter advising them that a lien would be attached to their property unless the outstanding debt was paid. On October 12, 1993, the City of Toledo enacted Ordinance No. 674–93, which certified city sewer liens to be placed on tax duplicates for collection. This Ordinance included the sewer liens placed on the property owned by the Debtors. The amount certified did not include the water liens on the Debtor's property, which total approximately One Thousand Six Hundred Thirty-six and 43/100 Dollars ($1,636.43).

Debtors claim that DPU's actions connotate violations of the automatic stay, that DPU's liens were not perfected under Ohio law, and the liens were therefore avoided and discharged by this Court. DPU contends that though the water service charges did not become a perfected lien, the sewer lien did automatically perfect under Ohio law, and thus was not avoided in bankruptcy. Thus, DPU contends, its actions did not violate the automatic stay.

### LAW

The relevant portions of the Bankruptcy Code are as follows:

**11 U.S.C. § 101. Definitions.**

In this title—

(36) "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding;

(53) "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of dis-

tress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is provided by or is dependent on a statute and whether or not such interest or lien is made fully effective by the statute;

## 11 U.S.C. § 362. Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 USC 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

(b) The filing of a petition under section 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 USC 78eee(a)(3)), does not operate as a stay—

(3) under subsection (a) of this section, of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title;

(c) Except as provided in subsections (d), (e), and (f) of this section—

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under Chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

## 11 U.S.C. § 524. Effect of discharge

(a) A discharge in a case under this title—

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

## 11 U.S.C. § 544. Trustee as lien creditor and as successor to certain creditors and purchasers

(a) The Trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by—

(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser at the time of the commencement of the case, whether or not such a purchaser exists [and has perfected such transfer].

## 11 U.S.C. § 545. Statutory Liens

The Trustee may avoid the fixing of a statutory lien of the debtor to the extent that such lien—

(2) is not perfected or enforceable at the time of the commencement of the case against a bona fide purchaser that purchases such property, whether or not such a purchaser exists.

## 11 U.S.C. § 546. Limitations on avoiding powers

(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such

law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

The relevant portions of the Ohio Revised Code are as follows:

**O.R.C. § 729.49**

The legislative authority of a municipal corporation which has installed or is installing sewerage, sewerage pumping works, or sewerage treatment or disposal works for public use, may, by ordinance, establish just and equitable rates or charges of rents to be paid to the municipal corporation for the use of such services, by every person, firm, or corporation, whose premises are served by a connection thereto. Such charges shall constitute a lien upon the property served by such connection and if not paid when due shall be collected in the same manner as other municipal corporation taxes.

### DISCUSSION

Determinations concerning the violation of the automatic stay, and the validity of liens are core proceedings pursuant to 28 U.S.C. Section 157. Thus, this case is a core proceeding.

Debtors claim that DPU violated the automatic stay provisions of the Bankruptcy Code, namely § 362(a)(6), by seeking to collect and perfect their water and sewer liens against the property of the Debtors. Debtors claim that their debts to DPU have been discharged because the debt does not fall within the exceptions listed in § 523, and because under § 544 the Trustee may avoid judicial liens. Regarding § 544, the Debtors argue that under the Ohio Court of Appeals case *First Federal S. & L. v. Hayes,* 42 Ohio App.3d 89, 536 N.E.2d 655 (1987), the liens were not properly perfected under Ohio law, and were therefore avoided.

DPU takes a different approach. Under its analysis, the automatic stay was not vio-

lated because § 362(b)(3) states that certain actions taken regarding valid liens do not violate the stay. Though that subsection lists § 546(b) and § 547(e)(2)(A) as actions which do not violate the stay, DPU nevertheless argues that its actions are perfected statutory liens, under Ohio Revised Code § 729.49, and thus cannot be avoided under § 545 of the Bankruptcy Code. Finally, DPU argues that *First Federal* was wrongly decided, and that an opposing position taken by the Ohio Attorney General is correct. OAG 81–030 (June 1981). The Attorney General's opinion is that sewer liens automatically become perfected when the charges are incurred under the Ohio Revised Code. *Id.* at 2–111 to 2–112. DPU concedes that its charges for water service were dischargeable in bankruptcy because they do not become a lien on the property until they are certified to the county auditor, which to date has not been done.

■ This Court fails to understand either side's approach. Section 362(c) provides that the automatic stay ends when a discharge is granted. In this case a discharge was granted on June 28, 1993, before any improper actions were taken by DPU. The only possible action that could be considered a violation of the stay was the bill sent to the Debtors on April 30, 1993. However, DPU was not listed as a creditor on the Debtors' schedules at that time. DPU's actions, if improper at all, could only be considered improper under the Permanent Injunction section of the Bankruptcy Code, § 524.

■ Even an argument made under § 524 lacks merit. Section § 524(a)(2) provides that a discharge operates as an injunction against acts to collect or recover a debt as a *personal liability* of the debtor. The actions taken by DPU were not taken to recover the debt as a personal liability, but rather were taken *in rem* to collect a debt against the Debtors' property. Thus, they do not violate the permanent injunction.

■ This Court also fails to understand the Parties' concern with the Trustee's powers to avoid liens under § 544 and § 545. The Debtors argue that the water and sewer liens are avoidable judicial liens under § 544.

The DPU argues that the sewer lien is an unavoidable statutory lien under § 545. Though it seems apparent to the Court that the liens in question would fall under the definition of statutory liens provided in § 101(53), as they are created by a statute, the issue appears non-determinative. Whether the Trustee could have used his power under § 544 or § 545 is irrelevant. The fact is that he did not. The Trustee's avoidance powers are not automatic, but rather require affirmative actions taken by the Trustee as prescribed under the Bankruptcy Rules. In this case, the Trustee apparently felt that there was little benefit to creditors in avoiding the liens, and rightly chose not to pursue the matter. The cases cited by the Court in *In re Hagemann,* 86 B.R. 125, 126–27 (Bankr.N.D.Ohio 1988) aptly demonstrate the principle that liens which were not avoided by the Bankruptcy Trustee survive the Bankruptcy unaffected.

It should also be noted that if the automatic stay were in effect, any steps taken by DPU to perfect or collect its lien during the pendency of the automatic stay could be in violation of § 362. Acts to collect debts, or to foreclose on property of the estate, even with a perfected security interest in such property, would violate the § 362 unless such act falls under an exception listed in § 362(b), or permission to do so is sought and obtained from the Bankruptcy Court under § 362(d) or (f).

Further, even acts to perfect a statutory lien could be a violation of the stay. It would appear from a reading of § 362(b) that unless the perfection of a DPU sewer lien falls under the relation back doctrine excepted from being a violation under § 362(b)(3), and codified in § 546(b), the act of perfecting a statutory lien would be in contravention of the stay. The § 546(b) relation back doctrine, in conjunction with § 362(b)(3), provides that a creditor may take actions to perfect its lien if, under state law, the perfection of the lien would be deemed to relate back to a time before the actual perfection. See 4 *Collier on Bankruptcy* ¶ 546.03 at 546–14 (15th ed. 1994). Because the issue is not before the Court today, the Court will decline to rule on the applicability of the relation back doctrine to sewer liens under O.R.C. § 729.49. However, the Court will observe that the holding of the Ohio Court of Appeals in *First Federal,* 42 Ohio App.3d at 92, 536 N.E.2d 655, that sewer liens are not perfected until certified, appears more sound than that of the Attorney General's opinion. The Court notes that the Attorney General's opinion, OAG 81–030 at 2–111 to 2–112, fails to differentiate between attachment and perfection of liens, and relies upon *Union Properties v. Cleveland,* 38 Ohio Law Abs. 246, 49 N.E.2d 571 (1943), in which the sewer lien before the court was already certified to the tax duplicate, and thus was previously perfected. *Union Properties* at 251, 49 N.E.2d 571.

For the foregoing reasons, this Court finds no violation of the automatic stay, and will dismiss Debtors' Motion to Show Cause. In reaching the conclusion found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this opinion.

Accordingly, it is

**ORDERED** that Debtors' Motion to Show Cause be, and is hereby, *DENIED.*