In re Patricia HOLCOMB, Debtor.

**Patricia Holcomb, for herself and on behalf of all others similarly situated, Plaintiff,**

**v.**

**Norwest Financial, Inc.; and Norwest Financial Illinois, Inc., Defendants.**

**Bankruptcy No. 93 B 17160.**
**Adversary No. 98 A 00729.**

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

June 8, 1999.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Shelia A. O'Laughlin, Edelman & Combs, Chicago, IL, for Plaintiff.

Craig A. Varga, Michael D. Hayes, Varga Berger Ledsky Hayes & Casey, Chicago, IL, for Defendant.

Donald A. Statland, Chicago, IL, John Roddy, Frederic D. Grant, Jr., Gant & Roddy, Boston, MA, Edward K. O'Brien, O'Brien Law Firm, Nashua, NH, Trustee or Other Attorneys.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before the Court on the motion of Norwest Financial, Inc. ("NFI") and Norwest Financial Illinois, Inc. ("NFIL") (collectively, the "Defendants") to dismiss Counts I–III of Patricia Holcomb's ("Holcomb") Second Amended Adversary Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7012. Holcomb has brought this putative class action against the Defendants alleging that the Defendants are liable to her for: violations of § 524(c) of the Bankruptcy Code, 11 U.S.C. § 101 *et. seq.*, governing reaffirmation agreements (Count I); violations of § 524(a), relating to her discharge in bankruptcy (Count II); and violations of the automatic stay provisions of § 362 (Count III).

The Defendants move to dismiss the final two counts of Holcomb's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Holcomb complains that the Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et. seq.*, (Count IV) and also asserts a common law claim of unjust enrichment (Count V). The Defendants further argue that Holcomb lacks standing as to NFI. For the reasons stated

below, the Defendants' Motion to Dismiss is granted with respect to all counts.

## I. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b) and 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O) as it concerns the administration of the estate.

## II. BACKGROUND

The following statement of facts has been compiled from Holcomb's complaint and the exhibits thereto.

NFI is a consumer finance company engaged in the business of extending installment loans to consumers. NFI maintains over 1,000 branch offices in 47 states. NFIL is NFI's wholly-owned subsidiary, operating in the state of Illinois.

In 1992, Holcomb obtained a loan from NFIL for the purchase of household carpeting. On August 13, 1993, Holcomb filed a petition for relief under Chapter 7 of the Bankruptcy Code. Among other obligations, the Plaintiff listed on her Schedule of Creditors a $2,500 debt to NFIL.

On November 5, 1993, Plaintiff executed a reaffirmation agreement (the "Agreement") with NFIL. Holcomb makes no allegation that NFIL threatened her or coerced her to sign the Agreement. The Agreement provides in part:

> Regardless of [Holcomb]'s filing of a petition under the United Sates bankruptcy Code or [Holcomb]'s discharge in bankruptcy, [Holcomb] agrees to pay [NFIL] $1,000 of [Holcomb]'s indebtedness described outstanding at the time of [Holcomb]'s petition in regular monthly payments of $65 each beginning on 11/23/93, and on the same day of each following month until fully paid.

The Agreement conspicuously provided that:

> THIS AGREEMENT MAY BE RESCINDED AT ANY TIME PRIOR TO DISCHARGE OR WITHIN SIXTY DAYS AFTER THIS AGREEMENT IS FILED WITH THE COURT, WHICHEVER OCCURS LATER, BY GIVING NOTICE OF RECISSION TO THE HOLDER OF THE CLAIM.

The Agreement also contains a declaration by Holcomb's attorney that the Agreement represents "a fully informed and voluntary agreement" and that the Agreement does not impose a hardship on Holcomb.

NFIL did not file the Agreement with the Court. Holcomb alleges that NFIL never intended to file the executed Agreement.

Holcomb did not make the monthly payments set forth in the Agreement. She makes no allegation that NFIL dunned her for payment or ever contacted her again.

On January 19, 1994, the Bankruptcy Court issued an Order discharging Holcomb's debts. Sometime after receiving her discharge, Holcomb paid the entire debt in one lump sum. In her complaint, Holcomb alleges only two contacts or communications between herself and NFIL: (1) NFIL's solicitation of the Agreement and (2) her post-discharge payment to NFIL.

## III. DISCUSSION

In considering a motion to dismiss, the Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *LeBlang Motors, Ltd. v. Subaru of Am., Inc.*, 148 F.3d 680, 690 (7th Cir.1998); *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir.1993). Accordingly, the motion should not be granted unless it appears beyond doubt that the plaintiff cannot prove any facts that would support the claim for relief. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989).

### A. Violation of § 362(a)(3) Giving Rise to a Cause of Action Under § 362(h)

Holcomb contends that the Defendants violated the automatic stay provisions of

§ 362 by accepting the post-discharge payment she made on an invalid reaffirmation agreement. Section 362 provides in pertinent part:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970, operates as a stay, applicable to all entities, of—
>
> . . . .
>
> > (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> >
> > . . . .
> >
> > (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
> >
> > . . . .
>
> (h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including cost and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362. Section 362(c) provides that the automatic stay terminates when a Chapter 7 debtor receives a discharge. 11 U.S.C. § 362(c); *In re Burks*, 181 B.R. 303, 306 (Bankr.N.D.Ohio 1995).

■ Holcomb complains of only two acts by the Defendants: (1) that NFIL obtained the Agreement with no intention of filing it and (2) that the Defendants' accepted her post-discharge payment. The first act occurred during the pendency of Holcomb's bankruptcy case and while the automatic stay was in effect. The second occurred after she received her Chapter 7 discharge and, thus, after the stay had ended. *See, e.g., Burks*, 181 B.R. at 306. Therefore, the Defendants' solicitation of the Agreement is the only act which could have violated the stay.

■ Mere solicitation of a reaffirmation agreement does not violate the automatic stay. *In re Duke*, 79 F.3d 43, 45 (7th Cir.1996). "Solicitation of a reaffirmation agreement, whether subsequently filed or unfiled, is not a violation of the automatic stay without any additional coercive behavior on the part of the creditor." *Wiley v. Mason (In re Wiley)*, 224 B.R. 58, 66 (Bankr.N.D.Ill.1998). Even where a reaffirmation does not conform to the Code's requirements, the act of solicitation does not violate the automatic stay as long as the agreement is not itself threatening or coercive. *Duke*, 79 F.3d at 45; *Wiley*, 224 B.R. at 66.

The only result of NFIL's failure to file the Agreement is that the Agreement became unenforceable. *Wiley*, 224 B.R. at 65; *In re Latanowich*, 207 B.R. 326, 336 (Bankr.D.Mass.1997). Thus, NFIL was enjoined by the stay from acting to collect the debt during the pendency of the bankruptcy case and enjoined by the discharge injunction from acting to collect it post-discharge. *Wiley*, 224 B.R. at 65; *Latanowich*, 207 B.R. at 336.

However, Holcomb has alleged no acts to collect during the pendency of the stay. The only subsequent communication alleged in the complaint was initiated by Holcomb herself, post-discharge and post-stay. Holcomb has failed to state a cause of action in Count III of her complaint.

## B. Private Right of Action Under § 524

■ Holcomb claims that the Defendants' intentional failure to file the executed Agreement with the Court violated § 524(c), setting forth the requirements for valid reaffirmation agreements. She further claims that the Defendants sought to collect a prepetition debt using an invalid reaffirmation agreement in violation of § 524(a), setting forth the effects of a debtor's discharge. She claims that § 524 gives rise to a private cause of action and seeks both compensatory and punitive damages as well as attorneys' fees and costs. The Defendants argue that § 524

creates neither an express nor an implied private cause of action.

Section 524 provides in pertinent part:

(a) A discharge in a case under this title—

. . . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such a debt is waived. . . .

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable . . . only if—

. . . .

(3) such agreement has been filed with the court and, if applicable, accompanied by a declaration or an affidavit of the attorney representing the debtor during the course of negotiating an agreement under this subsection, which states that such agreement—

(A) represents a fully informed and voluntary agreement by the debtor; and

(B) does not impose an undue hardship on the debtor. . . .

11 U.S.C. § 524.

While § 362(h) expressly creates a private right of action for damages, no such language appears in § 524. *See Costa v. Welch (In re Costa)*, 172 B.R. 954, 965 (Bankr.E.D.Cal.1994) (stating that no language in the statute expressly creates a private right of action).

The District Court for the Northern District of Illinois has concluded that § 524 creates no express private right of action. *Cox v. Zale Delaware, Inc.*, 1998 WL 397841, at *2 (N.D.Ill.). In *Cox*, the plaintiff and his attorney signed a reaffirmation agreement which contained a notice of recission opportunities identical to the one in Holcomb's Agreement. The plaintiff claimed that the defendant never intended to file the agreement and, in fact, never did so. Like Holcomb, the plaintiff paid the debt. Unlike Holcomb, the plaintiff in *Cox* received regular monthly statements of account from the defendant. The plaintiff filed a putative class action against the defendant for violations of § 524 and § 362 and the defendant moved to dismiss. The court wrote:

[T]here is at the very least a serious question as to whether a private remedy exists under Section 524. On its face Section 524 of the Code does not provide for a private right of action for violations of its provisions. Thus, there is no legal basis for plaintiff's claims . . . to proceed in this Court unless plaintiff can demonstrate that Congress intended to create an implied private right of action under Section 524 of the Code.

*Cox*, 1998 WL 397481 at *2 (citations omitted).

Nor does § 524 create an implied private cause of action. The *Cox* court commented that "[a]n examination of related provisions of the Bankruptcy Code casts serious doubt upon the plaintiff's ability to make such a showing." *Id.* It compared the language of § 362, which expressly creates a private right of action, to § 524 and noted that the omission of a private remedy in § 524 "may be significant." *Id.* The court noted that, rather than damages, civil contempt is the relief to which plaintiffs are entitled for violations of the discharge injunction and that while monetary relief may be awarded for contempt, such an award is distinct from a private right of action under § 524. *Id.* at *3.

In *Perovich v. Humphrey*, 1997 WL 674975 (N.D.Ill.), the court arrived at the same conclusion for the same reasons. It wrote that "[w]hile it is conceivable that it may be definitively decided in the future that a private right of action for damages is permissible under § 524, there is no authority for this now." *Id.* at *4.

Even if a private right of action existed under § 524, Holcomb has alleged no facts which would allow her to pursue it. Section 524 prohibits acts by a creditor to collect prepetition debts. 11 U.S.C. § 524(a). However, a debtor may pay discharged debts. 11 U.S.C. § 524(f); *Wiley*, 224 B.R. at 71.

The only post-discharge act Holcomb alleges is her own payment to NFIL, made outside the terms of the Agreement and with no prompting from NFIL. Plaintiff has failed to state a cause of action in Counts I and II of her complaint.

## C. The Illinois Consumer Fraud Act and Unjust Enrichment

Counts IV and V of Holcomb's complaint assert state law claims. As a result of the dismissal of Counts I–III of the complaint, this Court lacks subject matter jurisdiction over Counts IV and V.

## IV. CONCLUSION

For the foregoing reasons, Counts I, II, and III of Holcomb's Second Amended Adversary Complaint are dismissed with prejudice. Counts IV and V are dismissed without prejudice.