**Ralph M. COX, Appellant,**

v.

**ZALE DELAWARE, INC., Appellee.**

**No. 99 C 1670.**

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 24, 1999.

Daniel A. Edelman, Tara Leigh Goodwin, Sheila A. O'Laughlin, Heather Colleen Sullivan, Edelman, Combs & Latturner, Chicago, IL, for appellant.

Stewart Theodore Kusper, Katten, Muchin & Zavis, Chicago, IL, for appellee.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

This case primarily raises the issue of what remedies are available when a creditor admittedly violates the discharge injunction embodied in Section 524 of the Bankruptcy Code (the "Code") by failing to file a reaffirmation agreement with the Bankruptcy Court, then collecting on the void agreement. In previous proceedings, Judge Castillo and Bankruptcy Judge Sonderby have concluded that the only option to the appellant is to seek contempt sanctions in the Bankruptcy Court in which the discharge was issued. Based on the facts at bar, I agree and hold that there is no implied private right of action under § 524(c) when a debtor who is represented by counsel enters into a reaffirmation agreement which meets all of the requirements of § 524(c) except for being filed with the bankruptcy court.

### I. Background

Appellant and debtor Ralph M. Cox ("Cox") filed for bankruptcy protection on October 13, 1993, entered into a reaffirmation agreement with appellee and creditor Zale Delaware Inc. ("Zale") on January 25, 1994, and received a discharge in bankruptcy on March 9, 1994 pursuant to 11 U.S.C. § 524 of the Code. During his bankruptcy proceeding, Cox filed with the court a list of obligations, including the amount owed to Zale which was secured by a ring purchased with the credit extended to him by Zale. Cox kept the ring and disclosed to the Court his intent to reaffirm the debt. Cox was represented by counsel during his bankruptcy proceeding; his attorney signed the reaffirmation agreement as well. The reaffirmation did not meet the requirements of § 524(c)(3) because Zale did not file the reaffirmation agreement with the bankruptcy court as mandated by the Code; thus, the agreement was void, and Cox need not have made payments thereunder. Nevertheless, Cox paid the entire amount set forth in the agreement in monthly installments after receiving invoices from Zale. Cox claimed he made payments believing the reaffirmation agreement was valid.

A reaffirmation agreement is "an agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title." 11 U.S.C. § 524(c). The requirements to enforce a reaffirmation agreement are: 1) the agreement must be executed before the discharge is granted; 2) the agreement must include a clear and conspicuous statement of the right to rescind; 3) the agreement must be filed with the Court; 4) the debtor must have the right to rescind; and 5) if the debtor is an individual and not represented by an attorney, the court must approve the agreement as in the debtor's best interests. 11 U.S.C. 524(c) & (d). If a reaffirmation agreement fails in any of these respects, it is unenforceable and void. *Republic Bank v. Getzoff,* 180 B.R. 572, 573 (9th Cir. BAP 1995).

Cox filed a class action lawsuit in the Northern District of Illinois seeking classwide relief for himself and all persons similarly situated for Zale's alleged practice of willfully disregarding certain provisions of the Bankruptcy Code by failing to file reaffirmation agreements with the court, then receiving payments on agreements it knew to be unenforceable and void. Judge Castillo dismissed without prejudice all but one of the counts in the complaint, on the basis that the bankruptcy court should

make the initial decision as to the viability of Cox's claims. *Cox v. Zale Delaware Corp.*, 1998 WL 397841 (1998). After granting Cox's motion to reopen his bankruptcy, Judge Sonderby dismissed the remaining counts in Cox's complaint. The bankruptcy court held that no implied private right of action exists for violations of § 524, that Cox failed to allege the required element of harassment to constitute a violation of § 362, and that Cox's state law unjust enrichment claim was preempted by the Code. Cox has appealed to this Court.

## II. *Standard of Review*

■ I review a bankruptcy court's findings of fact for clear error and its legal conclusions *de novo*. *In the Matter of A–1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir.1997); *In re Ellis*, 66 B.R. 821, 823 (N.D.Ill.1986).

## III. *Implied Right of Action under 11 U.S.C. § 524*

■ Since § 524 does not expressly authorize a private right of action, there is no basis for Cox's claims thereunder unless he can demonstrate that Congress intended to create an implied private right of action for violations of § 524(c). *See Allison v. Liberty Sav.*, 695 F.2d 1086, 1088 (7th Cir.1982). The United States Supreme Court has "set forth a four part test for determining the propriety of implying a private cause of action." *Id.* at 1088. These factors for consideration are:

(1) whether plaintiff is a member of a class for whose especial benefit the statute was enacted; (2) whether there is any explicit or implicit indication of congressional intent to create or deny a private remedy; (3) whether a private remedy would be consistent with the underlying purposes of the legislative scheme; and (4) whether the cause of action is one traditionally relegated to state law.

*Id.*, citing *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).

Cox is a bankruptcy debtor and unquestionably within the class for whose special benefit the statute was enacted. The cause of action is obviously not one traditionally relegated to state law since the Bankruptcy Code is a uniquely federal creature. In addition, a private right of action is consistent with the underlying purpose of the legislative scheme, i.e. to give debtors a "fresh start" and prevent creditors from taking advantage of their lack of sophistication to attain reaffirmation agreements and collect debts which would otherwise be discharged. In fact, this interpretation furthers the purpose of § 524 by providing an effective remedy to debtors and thus acting as a deterrent to creditors who might otherwise be tempted to violate § 524(c)'s protections.

■ However, the *Cort* factors are "not to be equally weighted." *Allison*, 695 F.2d at 1088 (*citing Touche Ross & Co. v. Redington*, 442 U.S. 560, 575, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979)). Instead, the central inquiry is whether Congress intended to create a private right of action. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15–16, 100 S.Ct. 242, 62 L.Ed.2d 146 (1979) ("[W]hat must ultimately be determined is whether Congress intended to create the private remedy asserted."); *Touche Ross*, 442 U.S. at 575, 99 S.Ct. 2479 ("[T]he central inquiry remains whether Congress intended to create, either expressly or by implication, a private cause of action").

Judge Sonderby concluded that Congress did not intend a private right of action under § 524 based on a modified version of the *expressio unius* canon of statutory construction. Basically, the argument proceeds as follows: § 362(h) expressly provides a private right of action for violations of § 326's automatic stay; § 524 does not expressly so provide for the discharge injunction, so Congress must not have intended for there to be such a recourse for debtors harmed by creditors' violations of this Code section. Many bankruptcy and district courts have placed

dispositive weight on the fact that Congress created a private right of action under § 362(h) in 1984 as part of other amendments to the Bankruptcy Code, *see* Pub.L. No. 98–353, § 304, 98 Stat. 352 (1984), but enacted no similar amendments to § 524. *See, e.g. Cox v. Zale Del., Inc.,* 1998 WL 397841, at *2 (N.D.Ill.1998)(casting doubt on the existence of a private right of action since no similar amendments were added to 11 U.S.C. § 524 to provide a private remedy); *Perovich v. Humphrey,* 1997 WL 674975 (N.D.Ill. Oct. 28, 1997)(concluding that such an "omission does not seem accidental where Congress did expressly provide similar remedies in other sections"); *In re Holcomb,* 234 B.R. 79, 83 (Bankr.N.D.Ill.1999)(§ 524 does not create an implied private right of action); *see also In re Costa,* 172 B.R. 954 (Bankr.E.D.Cal.1994)(no language in the statute expressly creates a private right of action); *In re Sullivan,* 90 B.R. 307 (M.D.Tenn.1988)(same).[1] I do not find this reasoning alone conclusive, since "more is required to infer that Congress did not intend to create a particular private right than one fact that elsewhere in the same statute Congress has explicitly granted a private cause of action." *Bratton v. Shiffrin; Chapman v. First National Bank of Highland Park,* 635 F.2d 1228, 1232 (7th Cir.1980). Furthermore, § 524 was enacted in 1976 while Congress did not add the damages provision to § 362 until 1984. Thus, "it seems tenuous at best to infer legislative intent [solely] from that omission." *Rogers v. Nationscredit Financial*

*Services Corp.,* 233 B.R. 98, 104 (N.D.Cal.1999)(holding that there is an implied private right of action under § 524). The abuses of § 524(c) did not become apparent until recently and thus were not specifically anticipated by Congress.[2] Nonetheless, the addition of § 326(h) without a similar remedy added to § 524 is entitled to some weight since Congress also amended portions of § 524 in 1984.

■ Moreover, implied private rights of action are disfavored in this circuit. The Seventh Circuit has stated that "[d]isputes about 'implied' rights of action arise only when the statute does not bestow enforcement rights on the plaintiff, so a search for a legislative decision almost always means that the person who wants the court to imply a private right of action loses," *Scattered Corp v. Chicago Stock Exchange,* Inc., 98 F.3d 1004, 1005 (7th Cir.1996), and "courts seldom imply a private right of action where none appears in the statute, for 'a strong presumption exists against [their] creation ....' " *Mallett v. Wisconsin Division of Vocational Rehabilitation,* 130 F.3d 1245, 1249 (7th Cir.1997) (*quoting Statland v. American Airlines, Inc.,* 998 F.2d 539, 540 (7th Cir. 1993)). In addition, Cox is not without remedy, and "where a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." *Transamerica* at 19–20, 100 S.Ct. 242. Section 524 anticipates a right to injunctive or equitable relief. Indeed, as the bankruptcy court below acknowledged, "[i]f Cox moves for contempt, he is entitled

---

**1.** However, there is a line of cases which indicates that relief is available under § 524, *see, e.g., Rogers v. NationsCredit Financial Services Corp.,* 233 B.R. 98 (N.D.Cal.1999)(implied private right of action for damages exists under § 524); *Wiley v. Mason (In re Wiley),* 224 B.R. 58 (Bankr. N.D.Ill.1998) (determining that court may award remedial sanctions and punitive damages for violations of discharge injunction); *In re Latanowich,* 207 B.R. 326 (Bankr. D.Mass.1997) (awarding compensatory and punitive damages for contempt of discharge order); *In re Walker,* 180 B.R. 834 (Bankr. W.D.La.1995) (awarding compensatory and

punitive damages for deliberate violation of discharge order); *Behrens v. Woodhaven Ass'n,* 87 B.R. 971, 976 (Bankr.N.D.Ill.1988) (awarding actual damages and attorney's fees). All but one of these cases, however, involved the court's exercise of its equitable powers in a contempt context rather than expressly endorsing a private right of action for damages.

**2.** For an illustration of serious and systematic § 524(c) violations and flouting of the Code, *see In re Latanowich,* 207 B.R. 326 (Bankr. D.Mass.1997).

to the return of the funds that he paid under the void agreement." Thus, Cox and other similarly situated debtors have an available remedy; they can apply to the Bankruptcy Court, which can issue contempt sanctions, including fines and attorney fees, as it deems appropriate.

Finally, bankruptcy reform is on the current agenda of Congress, including proposed amendments to § 524. Whether an implied damages remedy for § 524(c) violations is good policy is within the purview of the legislature, since given the facts and the prevailing law in this circuit, there simply is not enough evidence of Congressional intent for me to find an implied private right of action here. I conclude that there is no private right of action under § 524(c) when a debtor who is represented by counsel enters into a reaffirmation agreement with a creditor which meets all of the criteria under § 524(c) except for being filed with the bankruptcy court.

### IV. *Appellant Failed to Allege Facts Sufficient to Constitute a Violation of § 362*

 Section 362 of the Bankruptcy Code provides, *inter alia*, that a bankruptcy petition filed under that title operates as a stay of any act to enforce a lien against property of the estate, or any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case. 11 U.S.C. § 362(a)(4) & (6). Although § 362(a) stays acts that immediately or potentially threaten the debtor's possession of its property, mere presentment and other requests for payment unaccompanied by coercion or harassment are not barred by § 362(a). *Murray v. Great Valley Savings Ass'n.*, 89 B.R. 533, 534–37 (Bankr.E.D.Pa.1988). A successful § 362(h) claim must therefore include some allegation of harassment or coercion. *See Divane v. A & C Elec. Co.*, 193 B.R. 856, 859 (N.D.Ill.1996) (recognizing that the automatic stay "is designed to keep creditors from coercing and harassing the debtor in order to collect pre-

petition debts"); *In re Hazzard*, 1995 WL 110588 at *2 (Bankr.N.D.Ill.1995) (holding that there exists "a need to find a 'coercive or harassing' element of some sort before § 362(h) applies."); *Morgan Guar. Trust Co. v. American Sav. & Loan Ass'n.*, 804 F.2d 1487, 1491 (9th Cir.1986) ("the language and purposes of § 362(a) do not bar mere requests for payment unless some element of coercion or harassment is involved."). The Seventh Circuit has held that a creditor does not violate the § 362 automatic stay by merely communicating with the debtor about entering into a reaffirmation agreement, absent some sort of coercion or harassment by the debtor for repayment of the debt. *In re Duke*, 79 F.3d 43, 45 (7th Cir.1996) (creditor does not violate automatic stay when it sends offer letter to debtor concerning reaffirmation of prepetition debt, as long as letter is nonthreatening and noncoercive). In that case, the creditor directly mailed to the debtor and his attorney an offer for a new line of credit in exchange for reaffirmation and payment of prepetition debt, neither of which the Court found threatening or coercive by their terms. Although violations of § 524(c) constitute violations of § 326 under certain circumstances, Cox alleges only the execution of the agreement and invoicing by Zale; according to controlling law in this circuit, this is insufficient. Zale may have willfully failed to file the reaffirmation agreement, but there is no evidence of a willful violation of § 362 when the debtor Cox was represented by an attorney, disclosed his intent to reaffirm the debt, and entered into a reaffirmation which failed only one of the requirements of § 524(c), and appears to be reasonable as to its terms. Thus, Judge Sonderby properly dismissed Cox's claim under § 326(a).

### V. *State Claim of Unjust Enrichment is Preempted by the Bankruptcy Code*

 The deliberately expansive reach of the Bankruptcy Code preempts virtually all claims which allege misconduct

in Bankruptcy proceedings. *See, e.g., In re Lenior*, 231 B.R. 662, 675 (Bankr. N.D.Ill.1999) (rejecting state law unjust enrichment counts premised on allegedly inflated proofs of claim; noting that the Bankruptcy Code has "its own comprehensive scheme to guard against fraud and remedy it"); *Cox v. Zale Delaware, Inc.*, 1998 WL 397841, *5 (N.D.Ill.1998) (state law consumer fraud counts were preempted by the Bankruptcy Code, whose "expansive reach ... preempts virtually all claims relating to alleged misconduct in the bankruptcy courts"); *Pereira v. First North American National Bank*, 223 B.R. 28, 31–32 (1998)(finding that Bankruptcy Code preempted state law claims as Code provides a remedial scheme for addressing violations of §§ 362 and 524, including the filing of civil contempt proceedings under the bankruptcy court's inherent contempt power and § 105); *MSR Exploration, Ltd. v. Meridian Oil, Inc.*, 74 F.3d 910, 912–15 (9th Cir.1996)("A mere browse through the complex, detailed, and comprehensive provisions of the lengthy Bankruptcy Code ... demonstrates Congress's intent to create a whole system under federal control which is designed to bring together and adjust all of the rights and duties of creditors and embarrassed debtors alike.")

This case provides no exception to the general rule of preemption. With respect to Cox's unjust enrichment claim, the federal bankruptcy law occupies the field; there is simply no room for the state cause of action. Indeed, before the Code was enacted, reaffirmations were fully enforceable under contract law even absent new consideration or detrimental reliance. *Zavelo v. Reeves*, 227 U.S. 625, 33 S.Ct. 365, 57 L.Ed. 676 (1913); *Rogers v. NationsCredit Financial Services Corp.*, 233 B.R. 98, 106 (N.D.Cal.1999). Thus, there would be no cause of action absent the Code in this case, so the state claim of unjust enrichment is preempted and thus properly dismissed.

*Conclusion*

The judgment of the bankruptcy court is AFFIRMED.